## STATE OF MINNESOTA vs. GEORGE BADEN.

### July 18, 1887.

**Intoxicating Liquors — Sunday Sale—Beer. —** Under the provisions of section 229 of the Penal Code, beer is not one of the articles permitted to be publicly sold on Sunday.

**Same—Purchaser as Accomplice.—**Under that section a purchaser is not *particeps criminis*, nor does the fact that he is in pursuit of evidence against persons selling contrary to the provisions of the statute make him an accomplice.

The defendant was tried and convicted, in the district court for Hennepin county, on an indictment for "the crime of publicly selling property upon Sunday," and appeals from an order by *Rea, J.*, refusing a new trial. The indictment charged that "the said George Baden, did on the 23d day of January, A. D. 1887, at the city of Minneapolis, in said Hennepin county, wilfully, unlawfully and wrongfully publicly sell, upon Sunday, certain property, to wit, one glass of beer, to one P. A. Smith, said glass of beer not being then and there sold as an article of food, drug, medicine, or surgical appliance; contrary," etc.

*Thos. J. Leftwich* and *Ben. Davenport,* for appellant.

*Moses E. Clapp,* Attorney General, and *F. F. Davis,* for the State.

VANDERBURGH, J.[1] The indictment is for an alleged violation of section 229 of the Penal Code.

1. The indictment is sufficient. It is a matter of common knowledge that the species of property designated as having been sold by the defendant on Sunday, as alleged, is within the class or kind of property the sale of which is prohibited by the statute on that day, and not among the articles whose sale is permitted.

2. The jury could not, we think, have been misled by the instructions of the court in respect to the nature of the charge which the state was required to prove in order to make out its case. The court distinctly stated to the jury that the defendant was charged with hav-

[1]Berry, J., owing to illness, took no part in this case.

ing publicly sold the property. The statute was read to them, and they were instructed that they must be satisfied from the evidence, beyond a reasonable doubt, that the defendant was guilty of the act as charged.

3. The evidence in the case is sufficient to establish the public nature of the sale. It tended to show that it took place in a saloon furnished with a bar and the usual saloon fixtures; customers were admitted by a side door through which the prosecuting witness and his two companions entered; others were also present at the time; beer was openly drawn and served at the bar. There was also evidence tending to show that the defendant was present, and that the beer in question was sold by him or by his consent or direction. The defendant introduced no evidence. Upon this point the instructions of the court, taken together, were sufficiently guarded, and stated the law correctly.

4. The prosecuting witnesses were not accomplices within the meaning of Gen. St. 1878, *c.* 73, § 104. The section of the statute under which this prosecution is brought is directed against the seller, not the purchaser. *Com.* v. *Willard,* 22 Pick. 476; *Harrington* v. *State,* 36 Ala. 236, 242. As between them and the defendant these parties were merely purchasers. They entered his saloon on the Sunday in question, called for what they wanted, were served, paid for what they purchased, and left. This was all that took place between the parties. That they were in pursuit of evidence against offenders does not make them accomplices. *Com.* v. *Downing,* 4 Gray, 29; *State* v. *McKean,* 36 Iowa, 343. The fact is only material as showing the interest or animus of the witnesses, and as affecting the question of their credibility.

Order affirmed.