CHARLES MORIN *vs.* ANATOLE MOREAU.

Androscoggin.    Opinion December 16, 1914.

*Attorney at Law.    Exceptions.    Justification.    Malice.    Malicious Prosecution.
Probable Cause.*

The defendant sought to justify and exonerate himself, because he first obtained the opinion of the magistrate who issued the warrant, who was a practicing attorney, and acted, in what he did, upon his advice.

*Held:*

1.  That the cases are uniform that where a complainant consults an attorney at law and makes a full, fair and truthful statement of the facts, and solicits his deliberate opinion thereon, and the advice obtained is favorable to the prosecution, which is thereupon commenced, it will go far, in the absence of other facts, to show probable cause and to negative malice, in an action for a malicious prosecution.

2.  The details of the statement made by client to counsel, upon which the opinion is predicated, are indispensable in order to enable the jury to determine whether the necessary conditions are fulfilled.

3.  It matters not that the magistrate was a practicing attorney, the advice being given not as an attorney, but as a magistrate.    It is in such case insufficient to show probable cause or excuse the want of it.

On exceptions by defendant.    Exceptions overruled.

Action to recover damages for malicious prosecution.    The defendant was arrested on a warrant issued by the Municipal Court of Lewiston, in the County of Androscoggin, on complaint of the defendant.    Plea, the general issue and brief statement, setting up a justification for the arrest.    The jury returned a verdict for the plaintiff for $196.00.    The defendant filed exceptions to the exclusion of certain evidence, which are considered in the opinion.

The case is stated in the opinion.

*J. G. Chabot,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, JJ.

HANSON, J. This was an action to recover damages for a malicious prosecution. The jury returned a verdict for the plaintiff in the sum of $196.00, and the case is before the Court on exceptions to the ruling of the presiding Justice excluding certain evidence.

The following from the exceptions substantially states the facts involved:

"The defendant owned a tenement house in Lewiston, the plaintiff was his tenant; the defendant ordered the plaintiff out of his rent; there was a bed of chives in the garden that both of the parties hereto claimed to own; the plaintiff pulled them up; the defendant went to the Clerk of the Lewiston Municipal Court and swore out a warrant for the arrest of the plaintiff herein. The plaintiff was arrested on the warrant and brought to the City building but was not actually put into the lock up although he did remain in the custody of the officers until he was admitted to bail about an hour later."

The defendant sought to justify his action under the following brief statement:

"That the plaintiff herein trespassed upon his garden and willfully entered on and passed over the garden of the defendant which said land was cultivated, between the first days of April and December after being forbidden so to do by the defendant and his agent, and thereupon a police officer of the City of Lewiston advised the defendant to procure a warrant for the arrest of the plaintiff herein and the defendant herein fully and fairly stated his case to Robert J. Curran, Esq., an attorney at law and clerk of the Lewiston Municipal Court and that thereupon a warrant was issued for the arrest of the plaintiff herein; that is all that he did he said in good faith, without malice and in pursuance of his legal rights."

The rulings excepted to related to proceedings in the Municipal Court, and particularly to the application for the warrant before mentioned, viz: "1. Q. And did you tell the clerk everything you knew about the case?

2. Q. When you went to Mr. Curran, the clerk of the Municipal Court, did you fully, in every particular, state your case?

3.   Q.   In acting in getting him arrested and going up to have him arrested, did you have any malice toward Mr. Morin, any desire to do him injury?"

The purpose of the first two questions was to show that the defendant was exonerated from responsibility to some extent, if not wholly, by relating his case to the clerk of the Court, who was an attorney at law, as well as clerk of the Court.

The point sought to be made by the defendant's counsel is that his client did in legal effect solicit the deliberate opinion of one learned in the law, and followed his advice in the premises, and that such action should negative want of probable cause, and also negative malice; and counsel cites *Stevens* v. *Fassett,* 27 Maine, 267; *Soule* v. *Winslow,* 66 Maine, 447; *Hopkins* v. *McGillicuddy,* 69 Maine, 273; *White* v. *Carr,* 71 Maine, 557, in support of his contention.   But the cases cited do not support the position of the defendant.   In each case the opinion sought was that of an atttorney at law as such, and not that of a magistrate, or clerk of a Court.

The cases are uniform that where a complainant consults an attorney at law, and makes a full, fair and truthful statement of the facts, and solicits his deliberate opinion thereon, and the advice obtained is favorable to the prosecution, which is thereupon commenced, it will go far, in the absence of other facts, to show probable cause, and to negative malice, in an action for a malicious prosecution.   *Stevens* v. *Fassett,* supra; *Finn* v. *Frink,* 84 Maine, 261, and cases cited.   The complainant should state what he said, as well "as all he knew."   The details of the statement made by client to counsel upon which the opinion is predicated are indispensable in order to enable the jury to determine whether the necessary conditions are fulfilled.   *Watt* v. *Corey,* 76 Maine, 87.   And it matters not that the magistrate was a practicing attorney, the advice being given not as an attorney, but as a magistrate.   It is in such case insufficient to show probable cause, or excuse the want of it.   26 Cyc., 34, 35; *Comery* v. *Manning,* 163 Mass., 45; *Black* v. *Buckinham,* 147 Mass., 102.   It is not seriously contended, nor does it appear in the record, that the defendant sought the advice of the magistrate even. The defendant can take nothing by the foregoing exceptions.   The last objection has not been argued by counsel.   We think, however, that the evidence attempted to be introduced was inadmissible.   Mr. Curran was not an attorney within the rule.   His advice as an

attorney was not solicited, and the representations made to him do not appear either from the defendant or Mr. Curran. In view of the record we hold that a proper foundation had not been laid for the introduction of the evidence excluded, if admissible at all.

*Exceptions overruled.*