UNION v U S BATTERY SERVICE CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10260. Decided Dec. 23, 1929

Pollack & Pollack, Cleveland, for Union.
S. J. Deutsch, Cleveland, for Battery Co.
LEMERT, PJ and SHERICK, J (5th Dist)
sitting.

SHERICK, J.

Two questions or claimed errors are presented in this court by the plaintiff in error, the first being on the weight of the evidence which this court is unable to pass upon due to the fact that but two members are sitting. The second ground of error alleged is that the court erred in his general charge to the jury and in failing to give an additional charge upon the request of the plaintiff. A general exception was further taken to the charge.

The pleadings and testimony in this case disclose that the defendant in its answer and in the testimony offered in its behalf relied upon the advice of its counsel S. J. Deutsch and that such counsel was an officer of the defendant company, being one of its directors and personally interested in the subject matter and out-

come of such prosecution. We find that, on page 50 of the record, the court charged the jury in the following language:

"The defendant admits he brought about the arrest and the prosecution, but he denies the arrest was malicious and he denies that the arrest was made without probable cause. The defendant further says that what was done was done on the advice of ocunsel Now it is necessary for me to explain that defense to you; because it is well known that an attorney at law is versed in law and people have a right to consult them and to rely upon their advice. So in this case if this company, referring to The United Battery Service Company, gave to an attorney or its attorney, I should say, a full and honest presentation of the facts upon the guilt or innocence of this man, the plaintiff, so far as violating the ordinance is concerned or all of the facts that the company could have obtained through reasonable care and diligence, and they were advised they had a case against this man; then they would have a just case against this man, although the company might have been misled by the attorney. In other words, if a reputable attorney would have read the facts, all the facts that he could obtain through reasonable care and advised the company that the plaintiff violated that ordinance, then that is a defense in this action."

We believe that this is a correct general statement of the law, but that such was not applicable to the special facts in this case.

After the completion of the general charge, counsel for plaintiff made the following statement to the court:

"Judge don't you think you ought to charge something on the fact that Deutsch, the lawyer, consulted in the case, was a director and interested in the company of the defendant?

"The Court: That is contained in my general charge."

Exceptions are next noted generally to the charge of the court.

It is our opinion that the trial court should have instructed the jury along the lines suggested by counsel for plaintiff and that it was error not to do so. This court holds the view that when one is desirous of instituting an action against another as the defendant company did herein, and consulted an attorney who is directly interested in the subject matter and outcome of the proposed suit, and which interest is known to the client at the time as in this case, and if it acted upon the opinion of the attorney so interested, that it had good reason and probable cause to bring such suit and so acted upon it, and it turns out that such advice was erroneous, then in an action for malicious prosecution the advice of such an attorney is not sufficient to show probable cause though honestly given by the attorney.

It has been held and rightly so that a plaintiff in an action for malicious prose-

cution must show three things; acquittal or discharge, the want of probable cause and malice, and we recognize that one acting on advice of counsel may usually rely on such a defense and that he has or had probable cause for the bringing of such action. We do not find that the exception to the rule has ever been presented to the courts of Ohio, but the principle is noted in Volume 18 Ruling Case Law, section 28. The principle is further well considered in Newell on Malicious Prosecution and False Imprisonment, page 314. The case of White vs. Carr, 71 Me., 555, 36 Am. Rep. 533. Also Smith vs. Fields, 139 Ky. 6, 129 S. W. 325, and Kroger Grocery and Baking Company vs. Hamlin, 235 S. W., 4, are also authority for the exception to the general rule as herein announced.

It, therefore, follows that this cause will be reversed and remanded for further proceedings. The defendant in error may have exceptions.

Lemert, PJ., concurs. Houck, J., not participating.