## UNITED STATES v. FARRAR.*
### No. 9390.

District Court, D. Massachusetts.
March 7, 1930.

*Judgment affirmed 50 S. Ct. 425, 74 L. Ed. ——.

516

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, both of Boston, Mass., for the United States.

James A. Cresswell, of Boston, Mass., for defendant.

MORTON, District Judge.

This indictment charges in the simplest and most direct language that the defendant committed a crime by knowingly and unlawfully purchasing two pints of intoxicating liquor from one Rotondo. There is no charge of illegal possession. The defendant has moved to quash on the ground that the act charged is not criminal.

The case presents a question of statutory construction, whether the purchase of liquor is criminal under the National Prohibition Act (27 USCA). The basic prohibitory section, around which the act is built, does not prohibit purchases. "No person shall on or after the date when the eighteenth amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this Act," etc. Section 3, tit. 2 (27 USCA § 12). The government relies on section 6 (27 USCA § 16), "No one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the commissioner so to do," etc. The defendant contends that this section, which is one of a group relating to permittees and privileged persons, applies only to them, and does not touch purchases by the general public.

The case is said to be the first of its kind under the present statute, and the question to be new. It is true that there appears to be no direct decision whether the buyer of liquor is guilty of an offense under the National Prohibition Act. Two Circuit Courts of Appeal, however, have referred to the question, and stated explicitly that in their opinion the purchase of liquor by the general public is not criminal.

"We concede at once that merely as buyer he was not a party to the scheme in any criminal sense." L. Hand, J., Becher v. U. S., 5 F.(2d) 45 at page 50 (C. C. A. 2d).

"It is conceded that, under the Eighteenth Amendment, and the Volstead Act passed to carry it into effect, the purchase of liquor is not made an offense. It follows that the purchase, as such, does not subject the buyer to punishment. This is perfectly clear from the act itself. Not only did Congress carefully exclude the purchaser from the penal provisions of the act as originally passed, but has taken no step to extend its provisions to the purchaser, in the 10 years of legislation which have since intervened. That the intention and purpose of Congress is in harmony with the act, as drawn, is thus made perfectly manifest." Thomson, J., Norris v. U. S. (C. C. A.) 34 F.(2d) 839 at page 841.

There is also a statement by the Supreme Court, which though less categorical amounts to the same thing, in United States v. Katz, 271 U. S. 354, 46 S. Ct. 513, 70 L. Ed. 986, where it is said: "Of the 39 sections in title 2 of the act, which deals with national prohibition, more than half, including the 7 sections which precede section 10 [27 USCA § 22] contain provisions authorizing or regulating the manufacture, sale, transportation, or use of intoxicating liquor for nonbeverage purposes. These provisions, read together, clearly indicate a statutory plan or scheme to regulate the disposition of alcoholic liquor not prohibited by the Eighteenth Amendment, in such manner as to minimize the danger of its diversion from authorized or permitted uses to beverage purposes. These provisions plainly relate to those persons who are authorized to sell, transport, use or possess intoxicating liquors under the Eighteenth Amendment and the provision of section 3 of the act, already quoted." Stone, J., 271 U. S. page 361, 362, 46 S. Ct. 513, 515, 70 L. Ed. 986. The sections thus discussed are

copied in a footnote to the opinion; they include section 6 on which the government relies in this case. The last sentence above quoted is an explicit dictum that section 6 relates only to permittees. In the Katz Case general words which, taken literally, included the defendant, *"No person* [italics mine] shall manufacture, purchase for sale, sell,"* etc. (section 10), were held to be cut down by the context and the tenor of the act as a whole, and to apply only to permittees. The language of section 6 is similar, "No one shall," etc. Both sections relate to the same subject, control of permitted liquor. The decision comes close to being a decisive authority against the government's contention.

■ Even if my own opinion was to the contrary—which it is not—I should hardly feel at liberty to disregard such weighty expressions, especially when the same view seems to have been uniformly held by prosecuting officers, and by the public at large, for more than ten years, and with respect to a statute intimately touching everyday life. The popular construction of such a statute over a long period of time was held to be highly significant as to its true meaning in State v. Teahan, 50 Conn. 92, and State v. Rand, 51 N. H. 361, 12 Am. Rep. 127. In the latter case it was said: "That such a prosecution is unprecedented in this State 'shows very strongly what has been understood to be the law upon the subject.'" Smith, J. Moreover, the statute under consideration belongs to a class of which many examples are to be found in our legislation. While the language of them differs, all follow similar lines. All have been similarly construed. In Lott v. United States, 205 F. 28, 46 L. R. A. (N. S.) 409, C. C. A. 9th, the court said: "It is uniformly held that statutes prohibiting the sale of intoxicating liquors are directed against the act of selling only, and that the offense is committed only by the vendor or some one who aids him in selling, and that the purchaser and those who aid him in the purchase are not guilty of aiding or abetting in the commission of the offense." Gilbert, J., at page 29 of 205 F. "We know of no law that prohibits the purchase of liquor." Owen, J. Reed v. State, 3 Okl. Cr. 16, 103 P. 1070, 24 L. R. A. (N. S.) 268 at page 274.

It seems clear that if Congress had intended to introduce such a revolutionary change in existing methods of dealing with the liquor problem, as making the ordinary buyer criminally liable, it would have said so in no uncertain terms (see Shaw, C. J., Com. v. Willard, 22 Pick. [Mass.] 476, 479, and

Norris v. U. S., ubi supra); and it would have expressly prescribed the penalties for buying, as it did for selling, in far more definite language than that on which the government here relies, viz.: "Any person violating the provisions of any permit, or who makes any false record, report, or affidavit required by this chapter, or violates any of the provisions of this chapter, for which offense a special penalty is not prescribed, shall be fined" (section 29 [27 USCA § 46]), etc., which appears to relate to permittees. There are strong reasons why permittees should be penalized for abuse of the privileges granted them.

■ As I construe the indictment, it does not charge the defendant with aiding and abetting a sale of liquor. Even if it does, no crime would be charged. It has been repeatedly held that the buyer was not, ipso facto, an aider and abettor of the seller; and the government counsel conceded at the argument that no other relation between the defendant and Rotondo existed in this case. See Norris v. U. S., supra; Lott v. U. S. (C. C. A.) 205 F. 28, 46 L. R. A. (N. S.) 409, note citing authorities; State v. Teahan, supra; State v. Cullins, 53 Kan. 100, 36 P. 56, 24 L. R. A. 212. The Act of April 30, 1790, as amended (18 USCA § 251), requires both concealment and failure to disclose. Under it some affirmative act toward the concealment of the felony is necessary. Mere silence after knowledge of the commission of the crime is not sufficient. The allegations of the indictment do not bring it within this statute. See Robinson v. State, 57 Ind. 113; Com. v. Tuckerman, 10 Gray (Mass.) 173.

Indictment quashed.