CHARLIE (MUTT) COOPER v. THE STATE.

No. 20678. Delivered December 20, 1939.
Rehearing Denied February 21, 1940.

The opinion states the case.

*Carlisle & Henry*, of Kaufman, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by complaint and information with the unlawful sale of intoxicating liquor in a dry area, and his punishment assessed at confinement in the county jail for a period of thirty days.

The major portion of appellant's bills of exceptions concern themselves with an effort to have the court instruct the jury relative to the law of accompliceship in that it is claimed that the witness John Reese, whom the State contended purchased a bottle of whisky from the appellant, was an accomplice.

The purchase of intoxicating liquor where a sale thereof is unlawful is not a violation of the law and the purchaser is not an accomplice, and the jury may convict upon his uncorroborated testimony. Robertson v. State, 178 S. W. Rep. 1191, and authorities there cited; also see Art. 666-23a, Vernon's Penal Code, Vol. 1.

Appellant also contends that the State should have alleged and proven the successive steps bringing about the dry status of the county. The information alleged such facts, and proper proof was made thereof.

Bill of exceptions No. 5 is in question and answer form, and there is no certificate of the trial judge showing the necessity for the same to be thus drawn. We therefore are unable to consider the same.

Other bills of exception claim misconduct on the part of the jury. They are qualified, however, by the court, and as qualified and shown by the testimony of the jurors, if the things complained of occurred it was after the verdict had been reached and agreed upon, and we can see no reason for disturbing such verdict.

It also appears in some of the bills of exceptions that there was a typographical error made in the spelling of some of the words in the information, such as the word "alcohilic" and the word "decalring". However immediately after the word "alcohilic" we find the allegation "containing alcohol in excess of four per cent by weight," and the word "decalring" is but a transposition of the letters a and l. It is plain from the context what the typist meant, and we see no error of importance therein.

We find no error in the record, after having considered all the bills of exceptions, and the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In his motion for rehearing appellant insists that his bill of exception No. 5 should be considered notwithstanding it is in question and answer form. If the bill should be considered it is observed that it is concerned with the impeachment of a witness for appellant who was questioned upon his cross-examination relative to having been convicted on a charge of possessing intoxicating liquor for the purpose of sale. There is nothing in the bill of exception to show that the witness gave testimony material to appellant's defense. If the question propounded to him by the district attorney was improper, in the absence of a showing that the witness gave material testimony in behalf of appellant, we would not be warranted in holding the error reversible. McMurray v. State, 45 S. W. (2d) 607. In Widener v. State, 5 S. W. (2d) 138, we said: "By bills of exception Nos. 1 and 2, appellant complains of the misconduct of the county attorney in improperly impeaching one of his witnesses. While appellant's bills show that the method of impeachment was improper, they contain no statement of facts showing the materiality of the testimony of the impeached witness. We do not know from said bills what testimony the witness gave. If his testimony was immaterial, his improper impeachment would not have been harmful to appellant. Miller v. State, 67 Tex. Cr. R. 654, 150 S. W. 635; Holmes v. State, 68 Tex. Cr. R. 17, 150 S. W. 926. The bills of exception being insufficient in the respect mentioned, reversible error is not made to appear." See also Ewing v. State, 49 S. W. (2d) 450.

We disclaim any intention of holding that the bill of exception was improperly dealt with in the original opinion herein.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.