No. 40,206

Julius J. Jones, *Appellee,* v. H. B. Zimmerman, *Appellant.*

(308 P. 2d 96)

Opinion filed March 9, 1957.

*Fred R. Vieux,* of Augusta, argued the cause and *William A. Kahrs* and *Robert H. Nelson,* both of Wichita, were with him on the briefs for appellant.

*John W. Sowers,* of Wichita, argued the cause for appellee.

The opinion of the court was delivered by

FATZER, J.: Julius J. Jones instituted an action to recover damages for malicious prosecution against the appellant, H. B. Zimmerman, and his employer, Matlock & Company, Inc., a corporation. At the trial both defendants demurred to the plaintiff's evidence. The trial court sustained the demurrer of Matlock & Company, Inc., and overruled Zimmerman's demurrer. A jury returned a verdict in favor of the plaintiff and against the defendant Zimmerman in the amount of $5,732.50. Zimmerman has appealed and has specified as error, among other things, the overruling of his demurrer to plaintiff's evidence.

The plaintiff did not file a counter abstract or brief, consequently, our review of this record is made solely upon the defendant's abstract and brief. Plaintiff's counsel below sought and was granted permission to make oral argument to this court when this cause was presented.

A summary of plaintiff's evidence as disclosed by the record, necessary to a consideration of the question presented, is as follows: The plaintiff owned real estate north of and adjoining property belonging to Lester Matlock No. 1, Inc., a corporation, and the boundary line between the two properties was in dispute. Matlock & Company, Inc., a corporation, had constructed a series of four-family dwellings on the property owned by Lester Matlock No. 1, Inc. The defendant Zimmerman was an employee of Matlock & Company, Inc. and was its construction foreman. While so employed, he constructed three permanent clothesline racks north of the northern most portion of the four-family dwellings and had commenced the construction of a foundation and concrete forms for sidewalks and an incinerator north of the clothesline racks and on the disputed real estate. The plaintiff claimed ownership of the real estate where the incinerator foundation and sidewalk forms were being constructed. Prior to their completion, the plaintiff took a 6-pound sledge and knocked down the foundation and forms. Zimmerman was present while the plaintiff was breaking the forms but made no effort to prevent him from completing their destruction. Thereafter, Zimmerman went to the office of the county attorney of Sedgwick County to obtain a restraining order and while there divulged to a deputy county attorney all details and information within his knowledge

concerning the plaintiff's conduct, including the dispute as to the ownership of the property upon which the foundation and forms were constructed. The deputy county attorney prepared a complaint and Zimmerman signed it; Zimmerman had nothing to do with the writing of the complaint and did not tell the deputy county attorney what to put into it. Thereafter Jones was arrested on a charge of malicious mischief and upon trial was found innocent of the charge.

The record shows that the defendant made full and true disclosure to the deputy county attorney of all facts within his knowledge, including the facts of disputed ownership of the real estate in question. Under the decisions of this court this is a defense to the plaintiff's action. Where a complaining witness has truthfully laid before the county attorney all the facts of which he has knowledge and the county attorney directs that a prosecution be instituted, the complaining witness will not be liable in damages (*Haines v. Railway Co.*, 108 Kan. 360, 195 Pac. 592; *Beaty v. Wood*, 115 Kan. 83, 222 Pac. 97; *Rowe v. Glen Elder State Bank*, 132 Kan. 709, 297 Pac. 703; *Kennedy v. Wagner*, 138 Kan. 541, 27 P. 2d 214; *Messinger v. Fulton*, 173 Kan. 851, 252 P. 2d 904).

The trial court erred in overruling Zimmerman's demurrer to the plaintiff's evidence. This necessitates a reversal of the judgment. It is so ordered.