356 P.2d 492

**STATE of Idaho, Plaintiff and Respondent,**

v.

**LaVerne Francis WHITLOCK, Defendant and Appellant.**

No. 8901.

Supreme Court of Idaho.

Oct. 25, 1960.

J. H. Felton, Warren Felton, Lewiston, for appellant.

Frank L. Benson, Atty. Gen., Wm. E. Swope, Jedd Owens, Asst. Attys. Gen., Owen L. Knowlton, Pros. Atty., Nez Perce County, Lewiston, for respondent.

McFADDEN, Justice.

Appellant is charged with the crime of selling liquor without a license to one Ray Beman, in violation of I.C. § 23–938.

The crime was alleged to have been committed April 18, 1959, and the facts relating thereto are substantially as follows:

On the date in question, appellant was employed as a dispatcher in the office of Lewiston Consolidated Cab Company. At approximately 1:00 a. m., Chester B. Howard, an employee of the Department of Law Enforcement, Liquor Division, State of Idaho, and Raymond A. Beman, Jr., an employee of the Federal Government, Alcohol & Tobacco Tax Division, Internal Revenue Service, approached appellant while he was engaged in his usual duties

of dispatching taxi-cabs. Howard asked if appellant could, "Fix him up", to which appellant answered, "What would you like?" Howard replied, "Whiskey." Appellant then advised Howard and Beman to wait in their automobile across the street in a vacant area. A short while thereafter, a cab stopped at the dispatch office. Appellant then crossed the street to the parked automobile, and after some discussion between appellant and Howard, delivered to Howard, a pint of Chateau Vodka for which Howard paid appellant $7.50.

After trial before a jury, appellant was found guilty and judgment of conviction was entered. Appellant moved in arrest of judgment, which was denied.

■ Appellant first assigns error, in that the Court failed properly to instruct the jury regarding the defense of entrapment. In recognizing this theory of appellant's defense, the court instructed as follows:

"The word entrapment means an inducement or solicitation by one person to another person to commit a crime, not contemplated by latter, for the mere purpose of instituting criminal prosecution against him. If an officer furnishes such person the opportunity to commit the crime charged but if the person to whom the opportunity is given has either the opportunity to make a sale or refuse to do so and he

chooses to sell, then there should be no entrapment."

It is appellant's contention that the instruction as given, was incorrect, in that it failed to explain that entrapment is a defense. If the court was of the opinion that there was sufficient evidence to warrant an instruction on the defense of entrapment, it was his duty to instruct the jury in regard thereto. State v. McKeehan, 48 Idaho 112, 279 P. 616.

■ The record before us discloses no actual entrapment, but instead, that opportunity was given appellant to make or refuse to make an illegal sale. In such instance, the case falls within the rule announced in State v. Garde, 69 Idaho 209, 205 P.2d 504, 505, wherein the Court said:

"The evidence on behalf of the plaintiff disclosed that the appellant was given the opportunity either to make a sale or refuse to do so and that he chose to sell. There was no entrapment and the requested instructions were properly refused, State v. Webster, 46 Idaho 798, 271 P. 578, and authorities therein cited."

Therefore, any error in failing to instruct on this defense fully was not prejudicial.

Appellant next assigns error in the denial of his motions to quash the information, to dismiss the case, for a directed verdict, and in arrest of judgment, and

urges in support of this assignment that the evidence is uncontradicted that a sale, if any was made, was to Howard and not, as the information alleges, to Beman.

The information charges and the jury was instructed that the crime for which appellant was being prosecuted was a sale of liquor without a license to one Ray Beman and that to find appellant guilty it was necessary to determine that such sale had in fact been made to Beman. The record is devoid of any evidence whatever of a sale to Beman. Indeed, it was Howard who contacted appellant at the outset, and who paid for and actually purchased the liquor. At the most, all that can be said of Beman's conduct, is that he sat between Howard and appellant at the time the sale was consummated, and while in such position, passed the money from Howard to appellant and the liquor from appellant to Howard. Such action does not constitute a sale to Beman as charged in the information.

In McBrain v. State, 51 Okl.Cr. 136, 300 P. 321, the information charged defendant with having sold liquor to one R. J. Smith, whereas the proof showed the sale to have been to M. E. Smith, the son of R. J. In holding a fatal variance existed between the allegation in the information and the proof, the Court said:

"The tests of fatal variances are: Was the defendant misled; will he be protected against future proceedings? Mathews v. United States (C.C.A.) 15 F.(2d) 139.

"Whether there was a fatal variance or duplicitous proof may be determined by inquiring whether defendant could plead former jeopardy. Fowler v. State, 20 Okl.Cr. 410, 203 P. 900.

"* * * It is evident that the defendant could not plead a conviction of a sale to M. E. Smith as a bar to prosecution for a sale to R. J. Smith, as each would constitute a separate offense."

Similar rules regarding the tests of fatal variance have been adopted by this court. In State v. Love, 76 Idaho 378, 283 P.2d 925, 926, quoting from People v. Williams, 27 Cal.2d 220, 163 P.2d 692, we said:

"Of course, it is elementary that every fact or circumstance necessary to constitute the crime charged must be alleged and proved, and the proof must correspond with the allegations in the pleading. But technical or trifling matters of discrepancy will not furnish ground for reversal. Under the generally accepted rule in criminal law a variance is not regarded as material unless it is of such a substantive character as to mislead the accused in preparing his defense, or is likely to place him in second jeopardy for the same offense."

Applying the above rule to this case, it is clear appellant could not plead the present action as a bar to a subsequent prosecution charging a sale to Howard, since a sale to Howard, even conceding it arose out of the same transaction, is a separate and distinct offense from that sale upon which the information in this action was founded.

Additionally, the variance is of such substantive nature as clearly to mislead appellant in preparation of his defense.

It follows appellant's motion in arrest of judgment should have been granted, the effect of which will be to place appellant in the same position in which he was before the information was filed. State v. Slater, 72 Idaho 383, 241 P.2d 1189; and authorities therein cited.

Having disposed of the case in the manner above set forth, it becomes unnecessary to consider appellant's remaining assignment of error.

The judgment is reversed with direction to dismiss the action.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.