379 P.2d 414

Chester HOWARD, Plaintiff-Respondent,

v.

Henry FELTON, Defendant-Appellant.

No. 9171.

Supreme Court of Idaho.

Feb. 18, 1963.

Rehearing Denied March 18, 1963.

R. M. Whittier, Isaac McDougall, Pocatello, for plaintiff-respondent.

Henry Felton, defendant-appellant, pro se.

SMITH, Justice.

April 25, 1959, criminal complaints were filed in the justice's court of John H. Maynard, justice of the peace, at Lewiston, Nez Perce County, separately charging William H. Johnson and LaVerne F. Whitlock with selling liquor without a license, a felony as defined by I.C. § 23–938.

Appellant, Henry Felton, and his son, Warren Felton, both attorneys, were engaged as counsel to, and did, represent the accused in both cases. Johnson was acquitted. The conviction of Whitlock was reversed on appeal, see State v. Whitlock, 82 Idaho 540, 356 P.2d 492.

At the preliminary hearings of Johnson and Whitlock, respondent Chester Howard, an officer of the State Department of Law Enforcement, was a witness for the prosecution. He testified that in attempting to apprehend persons violating the state statutes pertaining to the illegal sale of liquor, he approached Johnson and Whitlock to buy liquor from them, knowing that they did not have an Idaho retail liquor license. In both instances respondent's solicitations were substantially the same, appearing from his testimony, as follows:

"Q. * * * Now, on the 12th day of March, 1959, you purchased some whiskey from Mr. Johnson, did you not, here in Lewiston?

"A. Yes, sir.

"Q. At about 3 o'clock in the morning?

"A. Yes, sir.

"Q. And you sought out Mr. Johnson yourself, did you not?

"A. Yes, sir.

"Q. And went to him?

"A. Yes, sir.

"Q. He did not come to you?

"A. No, sir.

"Q. And when you sought him out, you asked him the question, 'Can you get me a bottle?' Is that true?

"A. Yes, sir.

"Q. And that was the words that you asked him, 'Can you get me a bottle?'

"A. Yes, sir."

Following the preliminary hearings, appellant signed a complaint before justice of the peace Maynard charging respondent with the illegal sale of liquor; however, justice of the peace Maynard declined to issue a warrant on that complaint for the reason that the date of the alleged offense was erroneous.

The next day appellant submitted and filed another criminal complaint in the court of justice of the peace Maynard, charging respondent with the crime of selling liquor without a license, "as accessory" in that re-

spondent allegedly did solicit a person without a liquor license to sell liquor to him and did purchase such liquor, knowing that the sale and purchase was illegal.

Maynard, a member of the bar of this court for over eight years, knew at the time the complaint was filed that the charge against respondent was based upon the action of respondent in procuring the sale of liquor to him by Johnson. Before issuing the warrant, Maynard, in his official capacity, consulted the prosecuting attorney of Nez Perce County, who advised, inter alia, that if the complaint on its face alleged a public offense, it was the duty of the justice of the peace to issue a warrant. Maynard consulted the statutes involved and thereupon issued the warrant.

A preliminary hearing was held on the charge. Appellant testified at the hearing that he based the charge upon the statements made by respondent at the preliminary hearings of Whitlock and Johnson. At the conclusion of the hearing respondent's attorney moved to dismiss on the ground of insufficiency of the evidence to sustain the charge. Subsequently, the charge against respondent was dismissed.

Respondent then commenced this action for malicious prosecution. After trial without a jury, the district court entered judgment in favor of respondent and against appellant for $1,000 compensatory damages and $1,000 punitive damages, from which judgment appellant appealed.

An action for malicious prosecution, in this state, to be successful requires proof of the following requisites: (1) that there was a prosecution, (2) that it terminated in favor of plaintiff, (3) that the defendant was the prosecutor, (4) that the defendant was actuated by malice, (5) that there was want of probable cause, and (6) that damages were sustained. Russell v. Chamberlain, 12 Idaho 299, 85 P. 926; Lowe v. Skaggs Safeway Stores, 49 Idaho 48, 286 P. 616; Luther v. First Bank of Troy, 64 Idaho 416, 133 P.2d 717; Clark v. Alloway, 67 Idaho 32, 170 P.2d 425; Lowther v. Metzker, 69 Idaho 115, 203 P.2d 604. Inasmuch as the record here discloses proof of the first three requisites, the remainder of this decision will be devoted to discussion of the fourth, fifth and sixth requisites of the tort of malicious prosecution.

The action of malicious prosecution has never been regarded with favor by the courts; consequently it is hedged with restrictions which render it difficult to maintain. Russell v. Chamberlain, supra; Luther v. First Bank of Troy, supra. A plaintiff is required to sustain the burden of proving that the criminal proceeding was initiated by the defendant without probable cause. This is true even though the defendant is found to have been actuated by malice and for an improper purpose, since it is deemed good citizenry to cause the prosecution of those who are reasonably suspected of a crime. Courts reason that a de-

fendant's personal motive should not render him personally liable for the performance of a public obligation. The existence of malice does not create even an inference that probable cause was lacking. See Prosser on Torts (2nd Ed., 1956), pp. 645 et seq.; 54 C.J.S. Malicious Prosecution § 3; Lowe v. Skaggs Safeway Stores, 49 Idaho 48, 286 P. 616; Russell v. Chamberlain, 12 Idaho 299, 85 P. 926.

■■ The defense of advice of counsel is equivalent to a showing of probable cause. This defense generally precludes an action for malicious prosecution. Thomas v. Hinton, 76 Idaho 337, 281 P.2d 1050; Luther v. First Bank of Troy, 64 Idaho 416, 133 P.2d 717; Donaldson v. Miller, 58 Idaho 295, 72 P.2d 853. However, the advice of counsel relied upon must come from an independent, disinterested attorney. Adkin v. Pillen, 136 Mich. 682, 100 N.W. 176; Union v. United Battery Service Co., 35 Ohio App. 68, 171 N.E. 608; 34 Am.Jur., Malicious Prosecution, § 77. Here, the attorney consulted by appellant, in addition to being the son of appellant, was also associated with appellant in the defense of the criminal actions. Under those circumstances, the advice was not such as would constitute probable cause, since it could not be considered unbiased as regards the party against whom the complaint was made.

Appellant asserts, in order to negate want of probable cause, that a full disclosure to a magistrate is a complete defense in an action for malicious prosecution. As previously stated, the justice of the peace who issued the warrant for respondent's apprehension presided at the preliminary hearings of Johnson and Whitlock. He is shown to have been well aware of all the facts germane to the issuance of such warrant, but testified that in his opinion he had no discretion as to its issuance. The record shows, however, that appellant disclosed every fact within his knowledge, and that the justice of the peace issued the warrant after consultation with the prosecuting attorney. In that regard justice of the peace Maynard testified:

"Q. Now, it is a fact then, is it not, that when Mr. Felton came up on the 15th that you and he got out the code, the Idaho Code provisions, did you not?

"A. Yes.

\* \* \* \* \* \*

"Q. \* \* \* recheck the statute relating to the illegal sale of alcoholic beverages in this state?

"A. Yes.

"Q. And you and Mr. Felton then checked those statutes together and discussed them, is that correct?

"A. That is correct.

"Q. And the purpose of this discussion, of course, was to determine

**292**

whether or not you would be satisfied so as to issue a warrant, isn't that true?

"A. That is correct.

"Q. * * * after · rechecking the statutes * * * relating to the illegal sale of liquor and after a new complaint was then filed alleging the correct date * * * to-wit: the 25th day of April, then you were satisfied and issued a warrant?

"A. That is correct.

"Q. Yes. Now, you don't know of any single fact, do you, that was withheld by Mr. Felton?

"A. No.

"Q. * * * the filing of this complaint was based entirely upon what you and Mr. Felton and everybody else who was present at those preliminary hearings had heard?

"A. That is correct.

"Q. * * * At the time that the second complaint was filed and after you had checked the statutes relating to accessories and the sale of liquor and a new complaint was filed, you were satisfied, were you not, that both you and Mr. Felton were acting in good faith in this matter?

"A. I was satisfied that I was acting in good faith. * * *

"Q. You had every reason to believe that he was acting in good faith too, did you not, based upon what you both knew?

"A. Yes.

"Q. And being then satisfied after rechecking the statute and being further satisfied in your own mind that Mr. Felton was acting in good faith you then signed—issued the warrant?

"A. That is correct.

"Q. Yes, sir. Now, Mr. Knowlton did give you some advice in this matter too, did he not?

"A. Yes.

"Q. And Mr. Knowlton is the prosecuting attorney?

"A. Yes.

"Q. And—In other words, you didn't issue this warrant just simply because Henry Felton signed the complaint and filed it with you. You also checked with the prosecuting attorney to get his advice, did you not?

"A. Well, I believe so.

"Q. Yes. And Mr. Knowlton, the Prosecuting Attorney of Nez Perce County, advised you to the effect that if the complaint defined the crime, that the warrant would be in order, did he not? * * * I want a positive answer to that, Sir. I am going to direct your attention again to your previous deposition and particularly page nine.

Now, would you please give me a definite positive statement?

"A. Yes.

"Q. That you checked with Mr. Knowlton and Mr. Knowlton advised you that a warrant would be in order?

"A. If a crime was stated on the face of the complaint.

"Q. And you determined that such was the case and followed his advice and issued the warrant?

"A. Well, I don't know whether you should extend it to saying I followed his advice.

"Q. In part, Sir.

"A. That was the case and issued the warrant.

\*   \*   \*   \*   \*   \*

"Q. In part. And you acted upon your own investigation and the conclusion that you were satisfied that you should issue a warrant?

"A. That is correct.

"Q. And the part that Mr. Felton played was simply to initiate a complaint so you could exercise your discretion and act, is that not true? \* \* That is substantially the situation, is it not?

"A. Yes."

■ In Lowe v. Skaggs Safeway Stores, Inc., 49 Idaho 48, 286 P. 616, this Court held that full disclosure to a magistrate is a defense to an action for malicious prosecution. The defense of full disclosure of the facts to a magistrate who issues the warrant is comparable to the defense of full disclosure to the prosecuting attorney inasmuch as the statute provides for issuance by a magistrate of a warrant upon information given by a private citizen. However, by statute the issuance of the warrant is not mandatory as was interpreted by the justice of the peace and the prosecuting attorney. Instead, the warrant should only be issued if the magistrate is satisfied that the offense complained of has been committed. See Idaho Code, §§ 19–504, 19–505 and 19–506.

■ Idaho's law provides that a warrant for arrest may be issued upon a complaint filed upon information by a private citizen if the magistrate, after investigation, is satisfied that the offense has been committed. Idaho Code, Tit. 19, ch. 5; State v. Stafford, 26 Idaho 381, 143 P. 528. No valid reason exists for distinguishing between full disclosure to a magistrate and full disclosure to the prosecuting attorney in regard to defense of an action for malicious prosecution. However, it must again be noted that in this case the prosecuting attorney advised the justice of the peace that the warrant must be issued if a crime was stated on the face of the complaint. To hold that full disclosure to the magistrate is

**294**

not a complete defense in this case would be unsound in view of the following facts existing: (1) the statutory scheme for charging one with a criminal act, (2) appellant disclosed all the facts to the justice of the peace who at that time had been a member of the bar of this State for eight years, (3) the justice of the peace did not issue the warrant until after consultation with the prosecuting attorney who knew all the facts surrounding the case, (4) the prosecuting attorney advised the justice of the peace that the warrant should be issued. Wendelboe v. Jacobson, 10 Utah 2d 344, 353 P.2d 178 (1960) Jones v. Zimmerman, 180 Kan. 701, 308 P.2d 96 (1957); Thomas v. Hinton, 76 Idaho 337, 281 P.2d 1050 (1955); Montgomery Ward & Co. v. Pherson, 129 Colo. 502, 272 P.2d 643 (1954); Lowe v. Skaggs Safeway Stores, 49 Idaho 48, 286 P. 616 (1930).

Appellant having made a full disclosure to the magistrate, and the magistrate having acted upon the advice of the prosecuting attorney (even though such advice may have been erroneous, Montgomery Ward & Co. v. Pherson (Colo.) supra), and the magistrate having acted upon his own investigations and exercise of his own discretion in the issuance of the warrant, although both the prosecuting attorney and the magistrate may have believed the magistrate's duty to be mandatory rather than discretionary in the premises, I.C. § 19-506, such negated want of probable cause, and hence respondent failed to prove such necessary element of the tort of malicious prosecution. Therefore the questions of both motive and damage became moot.

The judgment of the district court is reversed and the action ordered dismissed.

Costs to appellant.

McQUADE and McFADDEN, JJ., concur.

TAYLOR, Justice with whom SPEAR, District Judge, concurs (dissenting).

In addition to the facts stated in the majority opinion, it should be recorded here that the solicitation of Johnson and Whitlock by officer Howard was not by accident or happenstance. The officer testified he was sent to Lewiston to investigate illegal sales of liquor as follows:

"Q. You came in here to investigate certain situations didn't you?

"A. Yes.

"Q. And what situations?

"A. Illegal sales of liquor.

"Q. What illegal sales of liquor?

"A. By the Lewiston Cab Company.

"Q. And what men at the Lewiston Cab Company?

"A. Mr. Johnson and Mr. Whitlock.

"Q. Any others?

"A.   Yes.

"Q.   Who?

"A.   Whoever happened to offer to sell me whiskey.

"Q.   Who, I asked for their names?

"A.   I don't know any names.

"Q.   You had two names, is that it?

"A.   Yes."

The record conclusively establishes that the warrant for plaintiff's arrest would not have been issued by the magistrate had not defendant insisted.   At the conclusion of the preliminary hearing in the case of State v. Johnson, defendant, in the justice court and in the presence of the prosecuting attorney, asserted that Howard had admitted the commission of a crime; that Howard was guilty of the crime of illegal sale of liquor as an accessory; and demanded that he be held.   To which the prosecuting attorney responded, "The evidence does not disclose any crime has been committed;" and Felton retorted, "Now what is the opinion of the prosecutor?   Here is a criminal complaint."

Following the order of the magistrate continuing Johnson's bond pending decision on the issue of whether he should be bound over to the district court for trial, the following occurred between defendant and the magistrate:

"Mr. Felton:

"We want a criminal complaint; we want this man held.

"The Court:

"Now Mr. Felton, there is the complaint.   You have the right to sign the complaint.   I am not sure just at this moment what my duties are with regard to issuing a warrant upon the signing of a complaint.   The prosecutor advises he does not think there is sufficient evidence for a trial.   Therefore I will not issue a warrant until I have had time to determine it and what my duties are.

"Mr. Felton:

"All right.   There is going to be a complaint here."

At that time defendant procured a blank form of criminal complaint from the magistrate, filled it in by his own hand, and swore to it before the magistrate, purporting to charge the plaintiff with the crime of sale of liquor without license therefor.   The complaint was insufficient to charge any offense and the magistrate refused to issue a warrant thereon, purportedly because of an error as to the alleged date of the offense.   On the next day, May 15, 1959, the defendant made inquiry of the magistrate and being advised that no warrant would be issued upon the complaint of the day before, defendant again appeared before the magistrate, procured another blank form, filled

it in by his own hand, and swore to it before the magistrate, purporting to charge the plaintiff with a felony as follows:

"Personally appeared before me this 14th day of May, A.D. 1959, J. H. Felton, who on oath makes complaint and deposes and says, that on, to-wit the 12th day of March, A.D. 1959, in the County of Nez Perce, State of Idaho, the crime of Selling liquor without a liscense (I.C. 23–938) a felony, as accessory, was committed, to-wit; by Chester Howard, who then and there did solicit a person without a liquor liscense to sell liquor to him and did purchase such liquor knowing that the sale and purchase was illegal * * *."

The record does not show whether the prosecuting attorney saw this second complaint or was advised of its contents. The magistrate communicated with him by telephone and the prosecutor advised that if the complaint charged a crime, he thought it would be the duty of the magistrate to issue a warrant. The defendant at that time called the magistrate's attention to the accessory statutes, and after consideration of the statutes and the representations made by defendant, the magistrate came to the conclusion that a crime was charged, and issued the warrant.

The majority opinion infers that this conduct on the part of the defendant was good "citizenry", and relies upon the rule announced in Lowe v. Skaggs Safeway Stores, Inc., 49 Idaho 48, 286 P. 616, to the effect that full disclosure by a private citizen to a magistrate is a defense in an action for malicious prosecution. In the Lowe case a bookkeeper and a unit manager of the defendant corporation laid the facts, so far as known to them, before the magistrate, and the bookkeeper signed a blank form of criminal complaint, which was left with the magistrate, and which was filled in by the magistrate after an investigation by a deputy sheriff of the alleged offense. Neither the bookkeeper nor the unit manager were trained in the law and neither purported to advise the magistrate that a crime had been committed by the accused. The determination of that issue, so far as the issuance of the warrant was concerned, was left entirely to the magistrate and the deputy sheriff. The rule of that case is not applicable here.

The defendant Felton was admitted to the bar of this state June 7, 1921, and during the years since that date has been actively engaged in the general practice of law in this state, in both civil and criminal actions. He was not a private citizen: he was an officer of the courts of this state. The facts were known to the magistrate. But the defendant did not leave the determination, as to whether plaintiff had committed a crime, to the judgment of the magistrate, the prosecuting attorney, or of any other officer. He purported to know that the

plaintiff had committed a crime; pooh-poohed the opinion of the prosecutor to the contrary; insisted that the magistrate issue a warrant; and persuaded him to believe that an offense had been committed by reference to the accessory statutes.

Where an officer, investigating alleged violations of law, merely gives the accused the opportunity to make an illegal sale, or to refuse to do so, and the accused chooses to sell, there is no entrapment. Such was the law of this state as early as 1928. State v. Webster, 46 Idaho 798, 271 P. 578; followed in 1949 in State v. Garde, 69 Idaho 209, 205 P.2d 504; and recently in State v. Whitlock, 82 Idaho 540, 356 P.2d 492.

Admittedly, the question of entrapment is not directly involved in this case. Nevertheless, the rule is cited to show that plaintiff was not engaged in unlawful conduct in procuring the sale of liquor by Johnson and thus did not become a party to that sale by unlawfully entrapping Johnson. The foregoing law of this jurisdiction as to entrapment was known, or should have been known, to the defendant. He was actively engaged in the practice in criminal proceedings in this state when the rule was announced, and later, when it was affirmed.

The question directly involved is as to whether plaintiff committed the alleged offense as an accessory, under the statutes cited to the magistrate by defendant (I.C. §§ 18–204 and 19–1430); that is, whether by soliciting the sale and making the purchase he aided and abetted Johnson's illegal sale.

To "aid and abet" means to assist, facilitate, promote, encourage, counsel, solicit or incite the commission of a crime. I.C. § 18–204; State v. Lord, 42 N.M. 638, 84 P.2d 80; 22 C.J.S. Criminal Law § 88(1) (2). The definition encompasses the activity of one who knowingly participates by any of such means in bringing about the commission of a crime. It contemplates a sharing by the aider and abettor of the criminal intent of the perpetrator. People v. Hill, 77 Cal.App.2d 287, 175 P.2d 45.

> "In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." I.C. § 18–114.

Where an officer having information or reason to believe that another is engaged in violation of the law, offers such person an opportunity either to commit the offense or refuse to do so, and without resorting to inducement, enticement, decoy, or other form of entrapment, and such person elects to commit the offense, the officer cannot be said to entertain or share the intent to commit the crime. 22 C.J.S. Criminal Law § 78b; § 45(1) (2) (3). Whether such intent could be imputed to an officer who resorted to actual entrapment and procured the commission of a crime by a citizen who was not suspected of any criminal purpose,

nor engaged in law violation, is not before us, because the facts do not show such conduct on the part of the plaintiff.

Where the statute does not make buying illegal, the buyer is not a party to the offense of the seller. State v. Turner, 83 Kan. 183, 109 P. 983; Reed v. State, 3 Okl.Cr. 16, 103 P. 1070, 24 L.R.A.,N.S., 268; United States v. Farrar (D.Mass.), 38 F.2d 515; Singer v. United States (C.C.A. 3rd) 278 F. 415; Lott v. United States (C.C.A. 9th) 205 F. 28, 46 L.R.A., N.S., 409; State v. Baden, 37 Minn. 212, 34 N.W. 24; Wakeman v. Chambers, 69 Iowa 169, 28 N.W. 498; Cooper v. State, 138 Tex.Cr.R. 438, 136 S.W.2d 814; 35 A.L.R. Annotation IV, page 968.

Again the defendant knew, or, as a lawyer of long experience, was bound to know, that the complaint drawn and signed by him was insufficient to charge the plaintiff with unlawful sale of liquor, and that it was not based upon facts which would support such charge. Furthermore, there was no urgency. The officer was not about to flee the state. If defendant was not mindful of the law he could have taken time to read the authorities, or to obtain the advice of disinterested counsel. Yet he, nevertheless, relying entirely upon his own knowledge and judgment, represented to the magistrate that the complaint did charge the commission of a crime, and insisted that a warrant be issued forthwith. This is a far cry from the facts in Lowe v. Skaggs Safeway Stores,

Inc., 49 Idaho 48, 286 P. 616, and Thomas v. Hinton, 76 Idaho 337, 281 P.2d 1050, relied upon by the majority. This is the case of an attorney, employed by a person accused by a law enforcement officer of illegal sale of liquor, charging the officer with being a party to the offense alleged to have been committed by his client, and insisting, against the advice of the prosecuting attorney and over the reluctance of the magistrate, that the officer be arrested and prosecuted. Such conduct is *not* good citizenship. The officer did no more than this court has repeatedly said he might lawfully do, in the performance of his duty. To permit counsel for those accused by the officer to charge the officer with a felony, procure his arrest, incarceration, "mugging" and fingerprinting, and compel him to employ counsel and defend, is no less than an obstruction of justice. Law enforcement in this state cannot be promoted by tolerating such tactics.

An attorney of 38 years experience cannot be permitted to hide behind a comparatively inexperienced and reluctant magistrate, even though the magistrate be an attorney. Here defendant neither sought nor accepted the advice of the magistrate. Mayer v. Goodman, 94 Okl. 12, 220 P. 656; Morin v. Moreau, 112 Me. 471, 92 A. 527, Ann.Cas.1918A, 497; Vasquez v. Jacobs, 23 Ill.App.2d 457, 163 N.E.2d 230; Annotation 12 A.L.R. 1230. Nor can defendant urge that he relied upon his own advice.

He was not a disinterested attorney. 54 C.J.S. Malicious Prosecution § 48a; 3 Restatement Law of Torts, § 662, Comment k, p. 410.

Legal malice and want of probable cause were abundantly established by the evidence. The judgment for compensatory damages should be affirmed.