**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39744**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 431 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 28, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RODOLFO FERREIRA, aka RODOLFO | ) | THIS IS AN UNPUBLISHED |
| TINOCO FERREIRA, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. James C. Morfitt, District Judge.

Judgment of conviction for aiding and abetting in the trafficking of methamphetamine or amphetamine, and aiding and abetting in the delivery of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Rodolfo Ferreira appeals from his judgment of conviction after a jury found Ferreira guilty of aiding and abetting in the trafficking of methamphetamine or amphetamine and aiding and abetting in the delivery of a controlled substance (methamphetamine). Specifically, Ferreira contends there was insufficient evidence to support the jury's guilty verdict. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

An undercover Idaho State Police officer contacted Ferreira's brother to arrange the purchase of two pounds of methamphetamine. After the initial deal fell through, the brother called the undercover officer the following month and informed the undercover officer that he

1

could deliver three pounds of methamphetamine from California to Idaho. The undercover officer agreed to purchase the drugs, and Idaho State Police learned that the brother would be traveling in a white car registered in California to Ferreira.

On the day the undercover officer and the brother were to meet, the white car passed through Marsing, Idaho, and was followed by a surveillance team to an apartment complex in Caldwell. Two people exited the car and went into apartment 7015. Sometime later, Ferreira's brother and the brother's nephew exited the apartment and went to the white car; the brother got into the front passenger side and closed the door. The nephew opened the driver's door and stood outside before entering the car, but kept the driver's door opened. The brother and nephew then left the white car and went into a different apartment, apartment 7017.[1] Later, three Hispanic males left apartment 7017 and went into apartment 7015. Subsequently, the brother and nephew departed apartment 7015, leaving in a SUV, and proceeded to meet the undercover officer at a truck stop where they provided a sample of methamphetamine and arranged the purchase at the apartment complex, agreeing to transfer the methamphetamine once the undercover officer obtained the cash he was going to use to purchase the methamphetamine.

After arranging the drug transaction, the brother and nephew were arrested at a gas station. Ferreira, who was not with his brother and nephew, was seized and subsequently arrested near one of the apartments. After the undercover officer gave *Miranda*[2] warnings in Spanish to Ferreira, the undercover officer testified Ferreira told him that he and his brother traveled from California to visit relatives in Idaho.

Idaho State Police obtained search warrants for the apartments. A search of apartment 7017 revealed three wrapped bundles of methamphetamine; one bundle had a cut in it consistent with a sample having been cut from it. At the apartment complex, a Caldwell City police officer had his certified drug dog, Darco, perform a sniff-test on the white car. Darco alerted to the front passenger door of the car. A subsequent search of the inside of the car revealed a void where the passenger-side airbag module should be. According to testimony at trial, the three bundles of methamphetamine found in the apartment would fit in the passenger-side airbag-module void.

---

[1]     A trial exhibit documents that apartment 7015 is directly beside apartment 7017.

[2]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Ferreira was indicted on one count of aiding and abetting the trafficking of methamphetamine or amphetamine, in violation of Idaho Code §§ 18-204 and 37-2732B(a)(4), and indicted on one count of aiding and abetting the delivery of a controlled substance (methamphetamine), in violation of Idaho Code §§ 18-204 and 37-2732(a)(1)(A). Ferreira was tried in a joint trial with his brother.

At trial, the State presented testimony from the undercover officer and other law enforcement personnel. The defense called the brother. The brother testified that he traveled to Idaho alone in *his* car, although the car was registered in Ferreira's name, and that the drugs were brought to Idaho by "El Gato." The State, in rebuttal, offered three recalled witnesses, including the undercover officer. The jury deliberated and found Ferreira guilty of both counts.[3] Ferreira then moved for a judgment of acquittal, arguing that insufficient evidence supported the jury's guilty verdict. The district court denied the motion. Ferreira appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

---

[3]     The brother was convicted of trafficking methamphetamine, in violation of Idaho Code § 37-2732B(a)(4), and delivery of a controlled substance, in violation of Idaho Code § 37-2732(a)(1)(A). The brother appealed his conviction, and this Court affirmed in *State v. Tinoco*, Docket No. 39659 (Ct. App. Nov. 7, 2013) (unpublished).

## ANALYSIS

Ferreira contends there was insufficient evidence to support the jury's guilty verdict. Ferreira argues the State has only demonstrated Ferreira's proximity to illegal activity. Specifically, Ferreira asserts that the evidence did not show that he spoke with the undercover officer, did not demonstrate that he knew that his brother had arranged a drug transaction with the undercover officer, did not disclose his fingerprints on the drugs, and did not reveal that Ferreira went with his brother and the nephew in the SUV when the drug transaction was arranged. In support of his position, Ferreira asserts there was no evidence that he was carrying any item related to drug paraphernalia or that he appeared to be under the influence of any substance when he was arrested. The State responds that there was sufficient evidence for the jury to draw reasonable inferences from the evidence and find Ferreira guilty of aiding and abetting trafficking and delivery.

The crime of delivery of a controlled substance is defined in Idaho Code § 37-2732(a)(1)(A); the section dictates that it is unlawful to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance. Delivery is "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship." I.C. § 37-2701(g). Under Idaho Code § 37-2732B(a)(4), a person who knowingly delivers, brings into Idaho or possesses, whether actually or constructively, twenty-eight grams or more of methamphetamine, amphetamine or a mixture with a detectable amount of either methamphetamine or amphetamine, is guilty of felony trafficking. A person who aids and abets the commission of a crime may be charged as a principal for the crime. I.C. § 18-204. "To 'aid and abet' means to assist, facilitate, promote, encourage, counsel, solicit or incite the commission of a crime." *Howard v. Felton*, 85 Idaho 286, 297, 379 P.2d 414, 421 (1963) (citing I.C. § 18-204). Accordingly, a person who aids and abets the trafficking and delivery of a controlled substance may be charged with trafficking and delivery.

The State's case against Ferreira was based on circumstantial evidence. Circumstantial evidence may form the basis of a conviction. *State v. Chapple*, 98 Idaho 475, 476, 567 P.2d 20, 21 (1977) (per curiam) (citing *State v. McLennan*, 40 Idaho 286, 231 P. 718 (1925)). Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is

conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stefani*, 142 Idaho 698, 704, 132 P.3d 455, 461 (Ct. App. 2005). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993). Accordingly, we may uphold Ferreira's delivery and trafficking convictions so long as sufficient circumstantial evidence was presented of the elements of delivery and trafficking such that a reasonable trier of fact could have found that the prosecution sustained its burden. *See State v. Mitchell*, 130 Idaho 134, 136-37, 937 P.2d 960, 962-63 (Ct. App. 1997) (upholding a conviction for delivery of methamphetamine where the identity of the substance was solely proven by circumstantial evidence); *State v. Garza*, 112 Idaho 778, 784-85, 735 P.2d 1089, 1095-96 (Ct. App. 1987) (concluding that there was sufficient evidence to uphold a conviction for possession of marijuana with the intent to deliver based on circumstantial evidence).

The record in this case demonstrates that the jury had substantial evidence in front of it, albeit circumstantial evidence, to find Ferreira guilty of aiding and abetting in trafficking and the delivery of methamphetamine. Although the prosecutor did not offer direct evidence of Ferreira's involvement in the drug transaction, the jury could have reasonably inferred from the evidence that Ferreira owned the white car, that Ferreira had removed the passenger-side airbag in his car or knew of its removal, and that Ferreira had traveled from California to Caldwell in the car with his brother and with the methamphetamine stowed in the void of the passenger-side airbag.

Based on the testimony of law enforcement that directly countered the testimony of the brother, the jury may have discounted the brother's claim that he purchased the car from Ferreira years ago, the brother's claim that he rode alone to Idaho, and the brother's testimony concerning a drug dealer known only as "El Gato." In addition, the jury had testimony from the undercover officer that Ferreira told the undercover officer that he rode up to Caldwell from California with his brother to visit relatives, which in effect discredited the brother's testimony. Based on the evidence, the jury made reasonable inferences to find Ferreira guilty "of assist[ing], facilitate[ing], promot[ing], encourag[ing], counsel[ing], solicit[ing] or incit[ing] the commission of" trafficking and delivery. *Howard*, 85 Idaho at 297, 379 P.2d at 421. Thus, there was

5

sufficient evidence to support the jury's guilty verdict, and accordingly, Ferreira's judgment of conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**