718 P.2d 1256

**George WILLIS, Plaintiff-Appellant,**

v.

**George A. LARSEN, Defendant-Respondent.**

**No. 15770.**

Court of Appeals of Idaho.

April 25, 1986.

Allen B. Ellis, Boise, for plaintiff-appellant.

Jeffrey A. Strother and C. Wagahoff Dale, Boise, for defendant-respondent, George Larsen.

HUNTLEY, Judge, Pro Tem.

George Willis (Willis) appeals from a summary judgment by the district court holding that Willis did not state a cause of action for malicious prosecution against George A. Larsen (Larsen). Willis appealed and Larsen filed a motion to dismiss the appeal, based on a claim that the appeal was not timely made. We first resolve the issues raised by Larsen's motion to dismiss, and then reach the underlying merits. We find that the appeal was timely filed, but that the district court's summary judgment should be affirmed.

On February 23, 1982, Bobby Dean Jones met with Larry Draper, Wayne Draper, Don Morrill, Jim Hefley and Stan Phelps to discuss what to do about threats which Willis had allegedly made that day against Willis's ex-wife, Jones and others. During the meeting, Jones telephoned Larsen at his home to ask that he join the group in approaching the Elmore County prosecutor about bringing charges against Willis. The group, including Larsen, met later that day with the prosecutor, after which meeting the prosecutor decided to charge Willis with aggravated assault in connection with one of the earlier threats against Jones.

Later in the day, Larsen and the other men attended a hearing before a magistrate to determine whether there was sufficient probable cause to arrest Willis. Larsen did not sign the criminal complaint against Willis, nor did he testify as to the circumstances giving rise to the charge against Willis; in fact, Larsen did not witness the incident for which Willis was charged. At the hearing, the prosecutor called Larsen to testify about other threats which Willis allegedly made against Larsen and Willis's ex-wife. Larsen testified at the hearing that Willis threatened to kill him. Willis did not testify at the hearing but now denies having threatened to kill Larsen. However, Willis admits that he threatened "to tear [Larsen's] head off." The magistrate concluded that there was probable cause to charge Willis with aggravated assault against Jones. The magistrate issued a warrant for Willis's arrest.

After the probable cause hearing, Larsen saw Willis on the street in Glenns Ferry, Idaho. Larsen telephoned the prosecutor to ask why Willis had not been arrested. The prosecutor then contacted the sheriff's office and asked that the arrest warrant be enforced.

On June 1, 1982, Jones authorized dismissal of the charges against Willis. Willis later brought an action for malicious prosecution against Jones, Larsen and others. On May 18, 1983, the district court filed a memorandum opinion granting summary judgment against Willis as to the claim of malicious prosecution against Larsen. On May 23, 1983, Willis filed a motion to reconsider the order granting summary judgment. The district court issued an order denying the motion for reconsideration on June 3, 1983. However, the record contains no evidence that the parties were advised until November 30, 1983, that the court denied this motion. Meanwhile, on June 7, 1983, the district court entered judgment on the claims against Larsen and certified the judgment for appeal under I.R.C.P. Rule 54(b) (1983). On December 9, 1983, Willis filed a motion to vacate the denial of the motion for reconsideration. The district court never acted on this motion.

On January 10, 1984, Willis filed a motion to vacate the certification for appeal

under I.R.C.P. Rule 54(b). On January 26, 1984, the district court granted that motion. On February 9, 1984, Larsen requested permission from the district court to appeal the summary judgment. On March 21, 1984, the district court denied Larsen permission to appeal. On September 26, 1984, a jury granted a verdict against Jones for $10,000. Willis filed this appeal on November 6, 1984, seeking review of the summary judgment for Larsen.

## I. APPEALABILITY OF THE JUDGMENT

■ The district judge granted partial summary judgment in open court as to the claim against Larsen on May 18, 1983. Willis filed a motion for reconsideration on May 23, 1983. Although the Idaho Rules of Civil Procedure do not provide for a motion for reconsideration, we may properly treat such a motion as a motion to alter or amend the judgment, which must be filed within ten days of the entry of judgment. *Obray v. Mitchell*, 98 Idaho 533, 538, 567 P.2d 1284, 1289 (1977); I.R.C.P. 59(e) (1983).

■ Willis's motion for reconsideration was timely and proper even though he made the motion prior to the formal entry of judgment on June 3, 1983. Although the Idaho Rules of Civil Procedure do not provide for such a premature filing of a motion, we make the analogy to I.A.R. 17(e)(2), which validates a premature appeal when the clerk of the court files and stamps the judgment. We find that where, as here, judgment has been pronounced in open court, requiring a litigant to wait to seek reconsideration until the court clerk has file-stamped the formal judgment would be hypertechnical and violate the spirit of the rules.

However, the trial court denied the motion for reconsideration on June 3, 1983, and entered judgment on June 7, 1983, accompanied by a Rule 54(b) certificate. The Rule 54(b) certificate states that the time to appeal from a partial summary judgment certified as final commences to run on the date the court enters the final judgment. Therefore, the time for Willis to appeal the judgment would appear to have commenced on June 7, 1983, and expired forty-two days later, on July 19, 1983. I.A.R. 14(a) (1983).

■ However, the clerk of the court did not mail the order denying the motion for reconsideration until November 30, 1983. I.R.C.P. 77(d) states, in pertinent part:

> Lack of notice of entry of an appealable order or judgment does not affect the time to appeal or to file a post-trial motion, or relieve or authorize the court to relieve a party for failure to appeal or file a post-trial motion within the time allowed, *except where there is no showing of mailing by the clerk in the court records and the party affected thereby had no actual notice.* [Emphasis added.)

We find no evidence in the record to indicate that Willis or his attorney actually knew that the court denied the motion for reconsideration prior to November 30, 1983. However, Larsen argues that Willis should have been placed on notice by the fact that the district court filed judgment and certified the case for appeal under I.R.C.P. 54(b) after Willis filed the motion for reconsideration. We reject such a broad interpretation of the term "actual notice." Willis may have believed that the filing of judgment accompanied by a Rule 54(b) certificate was a formality flowing from the judge's earlier opinion in favor of summary judgment. Thus, Willis could reasonably have believed that his motion for reconsideration was pending until his counsel was notified of the adverse decision on November 30, 1983. Therefore, the forty-two day appeal period could not have commenced to run until at least November 30, 1983. Such period would have ended on January 12, 1984.

■ Between November 30, 1983, and January 12, 1984, Willis filed two motions.

First, he filed a motion to vacate the denial of the motion for reconsideration of the partial summary judgment. Apparently, the court did not act on this motion, but that failure does not affect this appeal because the motion was improper. The Idaho Rules of Civil Procedure do not provide for a motion to vacate an order on a motion to alter or amend a judgment. Such a rule would indefinitely delay the effectiveness of a judgment. Therefore, we disregard the motion of December 9, 1983. Second, Willis brought a motion on January 10, 1984, asking the district court to vacate its Rule 54(b) certificate. The district court granted the motion and vacated the Rule 54(b) certificate on January 26, 1984. We now address the question of whether the district court had the power to vacate the Rule 54(b) certificate.

■ The trial court judge has discretion in whether to issue a Rule 54(b) certificate. *Pichon v. Broekemeier, Inc.*, 99 Idaho 598, 602, 586 P.2d 1042, 1046 (1978). No Idaho case addresses the issue of whether a district court may subsequently vacate a Rule 54(b) certificate. However, the Fifth Circuit addressed the question in connection with Federal Rule of Civil Procedure 54(b), which is substantially similar to the Idaho rule of the same number. In *Jasmin v. Dumas*, 726 F.2d 242 (5th Cir.1984), the court said, "Entry of the Rule 54(b) order is discretionary. Moreover, the district court's order is always subject to reversal for abuse of discretion. If a district court itself decides that it has acted improvidently, we will uphold its timely change of mind." *Id.* at 244–45 (footnotes omitted). We follow the Fifth Circuit in holding that a district court may vacate a Rule 54(b) certificate.

■ We next address the issue of during what time period a trial court may vacate a Rule 54(b) certificate. We hold that, under normal circumstances, a trial court cannot vacate a Rule 54(b) certificate after the expiration. of the forty-two day appeal period. The original entry of the Rule 54(b) certificate renders the judgment appealable, thereby commencing the running of the forty-two day appeal period. After that period has ended, the judgment then becomes final and nonappealable. At the end of the forty-two days, the party in whose favor the appealable judgment was granted has a protected reliance interest in the finality of the judgment. It would be. improper to give the district court the power to disturb a judgment after it has become final. Further, the district court may not vacate a Rule 54(b) certificate after a timely appeal has been taken in reliance on that certificate. The district court's discretion over the Rule 54(b) certificate does not extend to disrupting a timely appeal.

■ We have already determined that the appeal period did not begin until November 30, 1983. However, there is an additional complication in this case. The plaintiff filed the motion to vacate the Rule 54(b) certificate on January 10, 1984, the fortieth day of the appeal period. The judge *granted* the motion to vacate the Rule 54(b) certificate on January 26, 1984, after the end of the forty-two day period. Nonetheless, we hold that the motion to vacate was still timely. As with other post-judgment motions, the applicant need only *file* the motion during the stated period following the judgment. *See* I.R.C.P. 59(b) (a motion for a new trial need be brought within ten days of the judgment); I.R.C.P. 59(e) (a motion to alter or amend the judgment must be brought within ten days of the original judgment). Whether the trial court rules on the motion within the forty-two day period is not within the control of the party bringing the motion; therefore, that party should not be penalized should the district court fail to act on the motion within the appeal period. Further, the adverse party in the motion to vacate the Rule 54(b) certificate is put on notice during the forty-two day period that the court may vacate the judgment. That party's reliance interest has not yet attached.

In this case, after the district court vacated the Rule 54(b) certificate, the summary judgment could not be appealed until a final order or judgment on all the issues of the case. Therefore, the district court properly denied the February 9, 1984 motion for leave to appeal. Further, Willis's November 6, 1984 appeal of the issue was timely because it fell within forty-two days of judgment on the jury's final verdict of September 26, 1984. We move on to the merits of the appeal.

## II. PROBABLE CAUSE

In an action for malicious prosecution, the plaintiff must prove six elements to make a prima facie case: (1) prosecution of the plaintiff; (2) termination of the prosecution in favor of the plaintiff; (3) that defendant was the prosecutor; (4) that defendant was actuated by malice; (5) lack of probable cause; and (6) damages sustained by the plaintiff. *Myers v. City of Pocatello*, 98 Idaho 168, 169, 559 P.2d 1136, 1137 (1977). In regard to Willis's claim against Larsen, the district court held that Willis failed to prove (1) that there was no probable cause to arrest Willis; and (2) that Larsen was a prosecutor of Willis. Willis challenges both of these determinations. We need not reach the second of these determinations, because we hold that Willis did not uphold his burden of proving that there was no probable cause to arrest Willis. Therefore, summary judgment was appropriate.

*Howard v. Felton*, 85 Idaho 286, 379 P.2d 414 (1963) controls the case at bar. *Howard* held that the independent finding of probable cause by a magistrate precluded as a matter of law a finding that there was no probable cause to arrest the plaintiff in a malicious prosecution action where there had been a full disclosure to the magistrate. *Id.* at 293–294, 379 P.2d at 418.

Willis claims that *Howard* does not control this case because, here, there was not full disclosure at the hearing. Willis cites as evidence the fact that he was not allowed to testify at the hearing. We find this argument unpersuasive. The only difference between the evidence which was presented at the hearing and which Willis would have presented if he were allowed to testify is miniscule. Larsen testified that Willis had threatened to kill him. Willis contends that he only threatened to "tear [Larsen's] head off." We cannot imagine that such testimony could have altered the magistrate's decision at the probable cause hearing. We find that there was, in essence, full disclosure at the probable cause hearing. *Howard* therefore precludes any finding that there was no probable cause to arrest Willis.

We affirm the summary judgment dismissing Willis's claim against Larsen. Costs to respondent, Larsen. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.