732 P.2d 379

Dorthy HERROLD, Plaintiff-Appellant,

v.

The IDAHO STATE SCHOOL FOR THE DEAF AND BLIND, a body corporate, under general supervision of the State Board of Education, and Dean Froelich and Keith Tolzin, individually and in their official capacities at the Idaho State School for the Deaf and Blind, Defendants-Respondents.

No. 16499.

Court of Appeals of Idaho.

Feb. 3, 1987.

James C. Meservy, Fuller & Meservy, Jerome, for appellant.

W. Scott Wigle, Quane, Smith, Howard & Hull, Boise, for respondents.

WALTERS, Chief Judge.

Dorthy Herrold, an employee of a state school, was charged with grand theft of services for allegedly using a state telephone for her personal long-distance calls. Following a preliminary hearing, the charge was dismissed because of a lack of proof of certain elements of the crime. Herrold then filed a civil suit against the school and certain school officials, seeking damages on a theory of malicious prosecution and upon other theories not pertinent in this appeal. The district court granted summary judgment for the defendants, dismissing all of Herrold's claims. In particular, judgment was granted on the cause of action for malicious prosecution because Herrold had failed to establish all the elements required for recovery on that theory. Herrold appeals, challenging only the dismissal of her claim based on malicious prosecution. We affirm.

The record reveals the following undisputed facts. Herrold was an accounting technician at the Idaho State School for the Deaf and Blind. One of her duties entailed reviewing long-distance phone call records to spot personal calls made by employees of the school. An independent audit of the phone records by the school's bursar revealed that Herrold herself had made over 275 calls to several relatives during the period from June, 1979, through November, 1983. Herrold had not reimbursed the school for those calls. School authorities decided to terminate Herrold's employment as a result of the unauthorized telephone use. However, subsequent personnel proceedings eventually led to Herrold's resignation from the school instead of termination. School authorities informed the local police about Herrold's use of the phone, and the prosecuting attorney, upon reviewing the evidence, charged Herrold with grand theft of services, a felony.

At Herrold's preliminary hearing, a magistrate refused to bind Herrold over for trial on the charge because of a lack of proof regarding the school's exact policy for use of telephones by employees, the extent of Herrold's knowledge of the policy, and whether the statutorily required $150 limit for grand theft had been shown. After the theft charge against her was dismissed, Herrold filed this suit. On a motion for summary judgment, the district court ruled for the defendants, concluding that Herrold had failed to prove three of the six elements required to sustain a claim of malicious prosecution. As noted, Herrold has appealed.

▮ To prove malicious prosecution a plaintiff must make a prima facie showing of six elements: (1) prosecution of the plaintiff; (2) termination of the prosecution

in favor of the plaintiff; (3) that the defendant instigated the prosecution; (4) that the defendant was activated by malice; (5) that there was a lack of probable cause to arrest the plaintiff; and (6) that the plaintiff sustained damages. *Willis v. Larsen,* 110 Idaho 818, 718 P.2d 1256 (Ct.App.1986). Here, the district court found that elements (1), (2), and (6) were proved, but that elements (3), (4) and (5) were not proved. Without reaching the question of elements three and four, we conclude that Herrold failed to prove a lack of probable cause for her arrest. Summary judgment is proper where the record reveals no genuine issue of material fact. I.R.C.P. 56(c). Because there was no genuine issue of a material fact concerning probable cause to charge Herrold, the district court was correct in granting summary judgment for the defendants.

 Probable cause has been defined as information that would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that a person is guilty. *State v. Alger,* 100 Idaho 675, 603 P.2d 1009 (1979). A determination of probable cause is not to be confused with the higher standard required for a conviction, that is, establishing the guilt of a suspect beyond a reasonable doubt. *Id.* In a malicious prosecution claim, the determination of probable cause is viewed in light of the facts and circumstances apparent at the time of the commencement of the prosecution. *Stohr v. Donahue,* 215 Kan. 528, 527 P.2d 983 (1974). Moreover, an "independent finding of probable cause by a magistrate preclude[s] as a matter of law a finding that there was no probable cause to arrest the plaintiff in a malicious prosecution action where there [has] been a full disclosure to the magistrate." *Willis v. Larsen, supra* at 823, 718 P.2d at 1261, following *Howard v. Felton,* 85 Idaho 286, 379 P.2d 414 (1963).

Herrold asserts that full disclosure was not made to the magistrate at the probable cause hearing. She argues that conflicting views of the school superintendent, the bursar, and Herrold regarding the school policy on telephone use were not disclosed to the magistrate. However, the evidence of such conflicting views was not developed until Herrold's own deposition was taken and a preliminary hearing was held— events which took place *after* the criminal complaint was filed. There is no evidence that any "conflicting views" were known to exist at the time the police applied to the magistrate for an arrest warrant. Moreover, the facts indisputably show that, at a minimum, there was a policy requiring reimbursement for personal phone calls and that Herrold never reimbursed the school for any of the calls in question.

In any event, this Court, and Herrold as well, must focus on the facts and circumstances existing at the time the prosecution was commenced. We have already mentioned some of those pertinent facts. When the prosecution began, school authorities had made an audit of the school's records of long-distance calls. The audit revealed that Herrold had made about 186 personal calls to her relatives; later, a fuller audit increased the number to 275. Further investigation revealed that Herrold had not reimbursed the school for those calls. As a result of this apparent violation of school policy, the school superintendent decided to terminate Herrold's employment. The bursar had determined that the charges for the unauthorized calls amounted to more than $270. The bursar and the superintendent, acting upon advice of the school's attorney, informed local authorities about the results of the audit of the phone system. The prosecutor had the police conduct an investigation of Herrold's use of the phone. The bursar and the superintendent cooperated with the police by providing information and documentation of the results of the school's investigation of Herrold's use of the phones. Based on this information, the local prosecuting attorney prepared a complaint charging Herrold with grand theft of services.

A police officer presented the complaint to the magistrate and gave testimony for the requisite finding of probable cause.

The officer told the magistrate that Herrold was an employee of the school and was responsible for monitoring long-distance phone calls at the school for evidence of misuse of the phone system. The officer informed the magistrate that a review of the phone call records by Herrold's supervisor revealed that Herrold, herself, had made over 186 personal calls on the state phone. As a result of that situation, the officer told the magistrate, the school officials decided to terminate Herrold's employment. The officer presented to the magistrate Herrold's termination letter which detailed the facts underlying Herrold's misuse of the phone. The officer also presented his affidavit to the magistrate, but the affidavit has not been included in the record on appeal.

With this information before him, the magistrate concluded that probable cause for issuing a summons for Herrold's arrest did exist. We conclude that not only did the magistrate have full disclosure of the pertinent and necessary facts before him to make the probable cause determination, but that our independent review of the same information (excluding the officer's affidavit) also brings this Court to the same conclusion.

Herrold has asserted on appeal that she was not actually in violation of the school's policy when she made the calls, and therefore she could not have had knowledge of any violations. This argument flies in the face of the record which further reveals that Herrold had tried to justify her use of the phone by claiming to have reimbursed the school for some of the calls, a claim later disproved. By making the claim Herrold demonstrated that she knew her personal use of the phone without reimbursement was a violation of school policy. Also, the record shows Herrold had reimbursed the school for two long-distance calls made at a time preceding the 1979–1983 period encompassed by the criminal charge. In contrast, Herrold had not reimbursed the school for the calls which occurred during the period at issue. Such inaction would permit a reasonable person to conclude that Herrold had no intention of ever paying for those calls.

 We have noted that at the preliminary hearing, the charge against Herrold was dismissed for what the magistrate then deemed a lack of sufficient proof to bind her over for trial. However, a failure of proof at the preliminary hearing does not determine whether probable cause did or did not exist at the time the complaint was filed. *Stohr v. Donahue*, 527 P.2d at 985. We conclude that probable cause did exist at the time the criminal charge was filed against Herrold.

The judgment in favor of the defendants on the plaintiff's claim for malicious prosecution is affirmed. Costs to respondents. No attorney fees awarded on appeal.

BURNETT and SWANSTROM, JJ., concur.