990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
June PURCELL, Plaintiff-Appellant,
v.
Richard MILLER, individually and in his capacity as a
detective in the Boise City Police Department;
City of Boise, a political subdivision
of the State of Idaho,
Defendants-Appellees.
 No. 91-35969.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided April 14, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 June Purcell appeals the district court's summary judgment in favor of Detective Richard Miller of the Boise City Police Department and the City of Boise ("the City") in her eight-count complaint alleging 42 U.S.C. § 1983 civil rights claims and state tort claims. Purcell's claims stem from the seizure of her gun collection pursuant to a search warrant issued on the strength of FBI Special Agent Kenneth Kaminski's affidavit, which contains allegedly false information provided by Miller. The district court had jurisdiction under 28 U.S.C. § 1331 for the federal claims and pendent jurisdiction for the state claims. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review a district court's grant of summary judgment de novo. Jones v. Union Pacific R.R. Co., 968 F.2d 937, 940 (9th Cir.1992); T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992); Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23. "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id.
 
 
 5
 Causation is an essential element in Purcell's civil rights and state tort causes of action. See Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir.1981) (causation is a requirement in section 1983 civil rights causes of action and plaintiff must show that the defendant deprived him of a civil right); Manning v. Twin Falls Clinic & Hospital, 122 Idaho 47, 839 P.2d 1185 (1992) (factual and proximate cause necessary for recovery); Herrold v. Idaho State School for the Deaf & Blind, 112 Idaho 410, 732 P.2d 379, 381 (Ct.App.1987) (summary judgment for defendants, dismissing malicious prosecution claim, was proper because probable cause existed).
 
 
 6
 The basis of Purcell's federal and state claims is Miller's negligent[1], grossly negligent, reckless, or intentional misrepresentations to Kaminski, which Kaminski incorporated in his affidavit for a search warrant, which warrant ultimately led to the seizure of her gun collection. Purcell contends the following information provided by Miller and contained in Kaminski's affidavit is false:
 
 
 7
 (a) June Purcell accompanied Detective Miller and Ken Fingerlos to the basement at 1011 Main Street;
 
 
 8
 (b) June Purcell attempted to dissuade Richard Miller and Ken Fingerlos from searching the vault located in the basement; and
 
 
 9
 (c) June Purcell stated to Richard Miller that the guns in the basement were hers left over from when Purcell's, Inc. business collapsed.
 
 
 10
 Blue Brief at 6. See also ER at 24. She also claims that she never spoke to Riebs, and he was not in the basement with her, so his statement in the affidavit of what she said to him was false.
 
 
 11
 Purcell argues that, without the alleged false information provided by Miller, Kaminski's affidavit does not support a finding of probable cause that 1011 Main Street, Boise, Idaho, contained evidence of concealment of bankruptcy assets by Purcell's, Inc.
 
 
 12
 For purposes of deciding whether a factual issue exists to defeat summary judgment, we accept Purcell's assertion that the challenged statements attributed to Miller are false. See Federal Deposit, 969 F.2d at 747. Setting aside these statements, we examine de novo whether the remaining information in Kaminski's affidavit is sufficient to support a finding of probable cause that 1011 Main Street contained evidence Purcell's, Inc. concealed bankruptcy estate assets. See Franks v. Delaware, 438 U.S. 154, 156 (1978) (if a criminal defendant challenges the veracity of an affiant by alleging falsehood or reckless disregard for truth and making an offer of proof, then the allegedly false or reckless material in the affidavit must be set aside in determining whether the affidavit establishes probable cause); Forster v. County of Santa Barbara, 896 F.2d 1146, 1148 (9th Cir.1990) (applies the Franks standard to evaluate the validity of a warrant where the veracity of the supporting affidavit is challenged in a section 1983 civil rights action); United States v. DeLeon, 979 F.2d 761, 764 (9th Cir.1992) (applies the Franks standard to evaluate the validity of a warrant where the veracity of a government official who is not the affiant, but provided information that was incorporated in the affidavit, is challenged); United States v. Huguez-Ibarra, 954 F.2d 546, 551 (9th Cir.1992) ("[t]he district court's determination of probable cause in a case with redacted affidavits is reviewed de novo.").
 
 
 13
 "For an affidavit in support of a search warrant to establish probable cause, the facts must be sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." United States v. Baldwin, No. 92-30027, slip op. at 2226 (9th Cir. January 7, 1993) (quoting United States v. Garza, 980 F.2d 546, 550 (9th Cir.1992)). Probable cause should be determined on the basis of the "totality of the circumstances." See also Illinois v. Gates, 462 U.S. 213, 230 (1983).
 
 
 14
 Applying the foregoing standards, we conclude that Miller's allegedly false statements are not necessary to a finding of probable cause. Even without the challenged statements, Kaminski's October 7, 1987 affidavit is sufficient to establish probable cause that 1011 Main Street contained evidence that Purcell's, Inc. concealed bankruptcy estate assets.
 
 
 15
 Kaminski's seven-page affidavit discloses that: (1) In 1983, Purcell's, Inc., a sporting goods business, filed for bankruptcy protection, claiming an $80,225.84 inventory of guns, clothing, and shoes was located at 1011 Main Street; (2) By October, 1987, Purcell's, Inc. had an inventory of less than $5,000 and had turned over less than $1,000 in guns to the bankruptcy trustee; (3) On October 1, 1987, Detective Miller, Detective Riebs, and Idaho State Tax Commissioner Fingerlos observed numerous guns, estimated to be "between 50 and 75" by Miller, "forty" by Riebs, and "at least forty" by Fingerlos, of all types and descriptions, including rifles and pistols, antique and modern, American and foreign, in cases and racks, located in the basement of the building which formerly housed Purcell's, Inc.'s bankrupt sporting goods business at 1011 Main Street; and (4) On October 1, 1987, June Purcell, who was an owner/operator of Purcell's, Inc. and also owned the building at 1011 Main Street, told Miller and Fingerlos to keep their mouths shut after seeing the guns. This information in Kaminski's affidavit establishes probable cause without resort to Miller's allegedly false statements.
 
 
 16
 Purcell concedes in her opening brief that "[a]lthough there is other information contained in the search warrant affidavit, (besides the statements of Miller) which Purcell claims are false or incomplete, Purcell does not believe that any of these statements affect the issue before the Court." Blue Brief at 5. We agree. Even were we to strike the other allegedly false information as Purcell urges in her reply brief, we would still conclude the affidavit supports probable cause. The disparity between the total value of the bankruptcy assets listed as inventory (including guns) and the total value of those assets turned over to the trustee, along with the subsequent observation of numerous guns at the former business location owned by a person who ran the former business, is sufficient to establish probable cause to believe that evidence of bankruptcy fraud would be found at the former business location of Purcell's, Inc. at 1011 Main Street.
 
 
 17
 Because Kaminski's affidavit establishes probable cause without reference to allegedly false information, Purcell has failed to make a sufficient showing of the existence of causation, an essential element of her federal and state causes of action which she must prove at trial. There is, therefore, "no genuine issue as to any material fact" and Miller and the City are "entitled to a judgment as a matter of law." See Celotex, 477 U.S. at 322. The district court properly granted summary judgment on all counts.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Purcell conceded to the district court that negligent misrepresentation cannot be a basis for a section 1983 action. See Magistrate Judge's Report and Recommendation at 5; see also Daniels v. Williams, 474 U.S. 327 (1986) (negligent conduct is insufficient to maintain a 42 U.S.C. § 1983 action)