# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43576

MARTIN FRANTZ,

    Plaintiff-Appellant,

v.

HAWLEY TROXELL ENNIS & HAWLEY LLP,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, September 2016 Term

2016 Opinion No. 120

Filed: November 2, 2016

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The orders of the district court are affirmed.

Frantz Law, PLLC, Post Falls, for appellant. Jonathan Frantz argued.

Paine Hamblen, LLP, Spokane, Washington, for respondent. John C. Riseborough argued.

_____

J. JONES, Chief Justice

Counsel for appellant Martin Frantz ("Frantz") hired attorney Merlyn Clark as an expert witness in an unrelated matter in 2009. Clark was and is a partner with respondent law firm Hawley Troxell Ennis & Hawley LLP ("Hawley Troxell"). In 2010, Frantz' creditor, Idaho Independent Bank ("Bank"), hired Hawley Troxell to represent it in a contract action against Frantz. In 2011, while that matter was pending, Frantz filed for bankruptcy. Hawley Troxell continued to represent the Bank as a creditor in the bankruptcy, including in an adversary proceeding the Bank filed against Frantz in 2013.

Frantz alleged in the adversary proceeding that Clark's interactions with Frantz in the 2009 matter created an attorney-client relationship and that it was therefore a conflict of interest for Clark's firm to represent the Bank against Frantz. Frantz also alleged that Hawley Troxell improperly used confidential information Clark acquired in the 2009 matter. The bankruptcy

1

court concluded that there was no attorney-client relationship between Clark (or Hawley Troxell) and Frantz. The adversary proceeding was later dismissed as moot.

Frantz subsequently brought the instant case against Hawley Troxell in Idaho district court, alleging legal malpractice and breach of fiduciary duty. The district court denied pro hac vice admission to attorney Jeffrey Katz, Frantz' chosen counsel. The district court also dismissed the complaint on the grounds of judicial estoppel, lack of standing, and abatement. Finally, it awarded Hawley Troxell attorney fees under Idaho Code sections 12-120(3) and 12-121. Frantz appealed the denial of pro hac vice admission, the dismissal of his complaint, and the award of attorney fees. By stipulation, the Court subsequently dismissed the appeal as to the award of attorney fees.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Frantz hired Bruce Owens and Regina McCrea of Owens & Crandall, PLLC, to represent him in an unrelated legal malpractice action against the firm of Witherspoon, Kelley.[1] Clark was retained as an expert witness in the case in 2009.[2] Frantz alleged that Clark's role was "to provide consultation and expert testimony." He further alleged that "Clark reviewed the record in the fraud case, which included documents regarding financial information for Mr. Frantz' business entity . . . . Clark prepared a 21-page preliminary report . . . . Clark also provided oral advice on the matter." Additionally, Frantz asserted that "Frantz paid Hawley Troxell's bill for Clark's services in the case, which included reviewing documents, preparing the report, and providing advice." The 2009 malpractice claim settled without Clark issuing a final written report, being deposed, or testifying. Frantz argues in this appeal that because Clark "consulted on areas of the case outside of [his] expert testimony," his "role morphed from that of a testifying expert to that of consulting expert thereby forming an attorney-client relationship with Mr. Frantz."

In 2010, the Bank retained Hawley Troxell to sue Frantz for his failure to pay off a loan that had matured. Clark did not participate in that action. In 2011, while that action was pending,

---

[1] Frantz' complaint in that case alleged that Witherspoon, Kelley had committed legal malpractice by allowing the statute of limitations to run on a fraud claim Frantz intended to assert against a real estate agent on an unrelated transaction.

[2] Frantz represents both in his complaint and in his appellant's brief that "Frantz hired Merlyn Clark," but McCrea declared before the bankruptcy court that "Owens and I retained Merlyn Clark." Although Clark was clearly hired for the benefit of Frantz, it is not clear from the record what role Frantz personally played in selecting or hiring Clark. Ultimately, however, who hired Clark is immaterial.

2

Frantz petitioned for bankruptcy. Hawley Troxell continued to represent the Bank in Frantz' bankruptcy case. The bank filed a claim for $6,400,000 against Frantz' bankruptcy estate. In 2013, the Bank filed an adversary proceeding against Frantz in the bankruptcy, alleging that Frantz had fraudulently represented the value of his assets, including the assets at issue in the case in which Clark had served as an expert witness.

In the adversary proceeding, Frantz moved to disqualify Hawley Troxell from representing the Bank, alleging that Frantz was a former client of the firm and that the firm possessed confidential information based on its prior representation of Frantz. Frantz hired Jefferey Katz, an Illinois attorney, as an expert witness in the disqualification hearing, but the bankruptcy court did not allow expert testimony at the hearing. Frantz also hired Katz to represent him "in any future litigation" charging Hawley Troxell with malpractice related to the alleged prior representation.

In December 2014, U.S. Bankruptcy Judge Terry Myers denied the motion to disqualify Hawley Troxell, finding and concluding that Clark's "role in the malpractice litigation was solely that of a testifying expert witness" and that no attorney-client relationship was formed. In May 2015, Frantz sought, and the bankruptcy court granted, a waiver of discharge as to all creditors and debts, including the Bank and its loan. This apparently mooted the adversary proceeding. However, the record on appeal does not include a final judgment from either the adversary proceeding or the broader bankruptcy case.

Represented by Katz, Frantz filed the instant malpractice case against Hawley Troxell in February 2015. The next month, Katz directly contacted Mr. Jack Gustavel, the Bank's CEO, regarding this malpractice case. Gustavel did not respond to Katz' email. Frantz also contacted Gustavel, describing a proposal to end the suit the Bank had filed against him in 2010. It appears that Frantz and Katz wanted the Bank to join Frantz' malpractice case against Hawley Troxell as a co-plaintiff. Any settlement proceeds would be paid first to the Bank in the amount necessary to extinguish Frantz' debt to the Bank and the rest would go to Frantz. The Bank did not accept Frantz' offer.

In April 2015, Frantz moved for pro hac vice admission of Katz. Hawley Troxell opposed the motion, arguing that Katz had violated Idaho Rule of Professional Conduct ("I.R.P.C.") 4.2

3

by making unauthorized contact with the Bank, a party represented by Hawley Troxell.[3] The opposition was based on the idea that a foreign attorney who either does not know or is not willing to follow Idaho's ethics rules should not be admitted pro hac vice.

After presiding over hearings on Frantz' pro hac vice motion and Hawley Troxell's motion to dismiss, the district court issued a Memorandum Decision and Order Granting Defendant's Motion to Dismiss or Abate, and Order Denying Plaintiff's Motion for Pro Hac Vice Admission on July 29, 2015. The court granted the motion to dismiss on two alternate grounds. First, the court concluded that dismissal was appropriate because judicial estoppel operates to preclude Frantz from having standing to pursue the instant action. Specifically, the court concluded that Frantz had failed to disclose the potential cause of action as an asset in his bankruptcy petition and that that failure meant the cause of action became property of the bankruptcy estate, which only the bankruptcy trustee had standing to assert. Second, the court concluded that dismissal was appropriate under I.R.C.P. 12(b)(8) because there is "another action pending between the same parties for the same cause." The court concluded that claim preclusion and issue preclusion would both apply here but for the lack of a final judgment from the bankruptcy court appearing in the record. Instead, the court concluded that the issue of Hawley Troxell's alleged legal malpractice was a matter properly pending before the bankruptcy court.

Next, the district court denied Frantz' motion for pro hac vice admission of Katz. The court did not decide whether Katz had violated I.R.P.C. 4.2 by improperly contacting the Bank, but it did find that Katz was likely to be a trial witness in the case based on his email to Gustavel. The court concluded that under I.R.P.C. 3.7 it would not be proper for Katz to represent Frantz.[4] The court found that "it would be improper to allow admission pro hac vice of an out of state attorney who would, if appointed, violate the Idaho Rules of Professional Responsibility . . . . It would be irresponsible of this [c]ourt to knowingly put Katz in that position." Accordingly, the court denied Frantz' motion for pro hac vice admission.

Hawley Troxell subsequently sought attorney fees and costs under Idaho Code sections 12-120(3) and 12-121. On the record at a hearing on the motion, the district court awarded fees

---

[3] Rule 4.2 provides that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." The parties dispute whether Katz' contact with Gustavel violated this Rule, but, as described herein, we do not reach this issue.

[4] Rule 3.7 prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness, subject to exceptions that do not apply in this case.

4

under both sections, concluding that the gravamen of Frantz' claim was a commercial transaction supporting a fee award under section 12-120(3) and that Frantz' pursuit of his claim was frivolous, supporting a fee award under section 12-121. The court awarded Hawley Troxell fees and costs in the amount of $21,185.60. Frantz timely appealed the district court's dismissal of his complaint, the denial of pro hac vice admission for Katz, and the award of attorney fees.

While the case was pending, Frantz moved to dismiss the issues related to the district court's award of attorney fees based on a stipulation signed by counsel for both parties. The Court entered an order granting the motion to dismiss and denying Frantz' separate motion to amend his opening brief to request attorney fees.

## II.
## ISSUES PRESENTED ON APPEAL

1. Whether the district court abused its discretion by dismissing Frantz' complaint.

2. Whether the district court erred by denying Frantz' motion for pro hac vice admission of Katz.

3. Whether Hawley Troxell is entitled to attorney fees on appeal under Idaho Code section 12-121.

## III.
## STANDARD OF REVIEW

"The trial court's determination under I.R.C.P. 12(b)(8) whether to proceed with an action where a similar case is pending in another court is discretionary." *Klaue v. Hern*, 133 Idaho 437, 439, 988 P.2d 211, 213 (1999). "In making a determination of whether a trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Kugler v. Nelson*, 160 Idaho 408, 413, 374 P.3d 571, 576 (2016).

## IV.
## ANALYSIS

### A. The district court did not abuse its discretion by dismissing Frantz' complaint.

The district court dismissed Frantz' complaint on two grounds, concluding both that Frantz lacked standing because he was judicially estopped from bringing the complaint and that dismissal was appropriate under I.R.C.P. 12(b)(8) because there was another action pending

between the same parties for the same cause. We affirm the district court's dismissal under I.R.C.P. 12(b)(8).

The district court analyzed whether either claim preclusion or issue preclusion supported dismissal, but it concluded that neither applied here because the record lacks a final judgment from the bankruptcy court resolving the present claims or issues. However, after concluding that the claims here were properly before the bankruptcy court, the court also concluded that "[t]he same parties in the present case are . . . litigating (and have litigated) the same issues in the bankruptcy case." Accordingly, the court dismissed this action under I.R.C.P. 12(b)(8).

Frantz argues that the disqualification motion before the bankruptcy court is sufficiently distinct from the malpractice and breach of fiduciary duty claims he brought here that they cannot be considered the "same cause" under I.R.C.P. 12(b)(8). He urges the adoption of jurisprudence from other states holding that where the remedies are not substantially the same or the questions presented are not identical, abatement cannot apply. He also suggests that abatement here would deprive him of his right to a jury trial, given that the disqualification motion before the bankruptcy court was decided by a judge. Further, he points out that the burdens of proof are different: "[t]he burden of disqualification consists of an intricate weighing of prejudice versus the legal system's integrity, while malpractice requires simply a preponderance of the evidence." Finally, he asserts that because the adversary proceeding was dismissed as moot, there will never be a final judgment on the merits. Frantz fails to frame any of these arguments in terms of the applicable standard of review. That is, he does not articulate how he believes the district court's decision was an abuse of discretion.

Hawley Troxell argues that the district court's dismissal under I.R.C.P. 12(b)(8) was proper both because issue preclusion applies[5] and because another action is pending between the same parties for the same cause. It asserts that the issue of whether Clark formed an attorney-client relationship with Frantz was pending before the bankruptcy court, given that the bankruptcy court had conducted a two-day evidentiary hearing on that very issue. Indeed, the bankruptcy court even decided that precise issue in the adversary proceeding, concluding specifically that "an attorney-client relationship was not created." However, the record does not

---

[5] An essential element required for issue preclusion to apply is that "there was a final judgment on the merits in the prior litigation." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 124, 157 P.3d 613, 618 (2007). Because the record does not disclose a final judgment from either the adversary proceeding or the broader bankruptcy case, issue preclusion cannot yet apply.

6

disclose a final judgment from that proceeding. The existence of an attorney-client relationship is essential to Frantz' present claims of legal malpractice and breach of fiduciary duty. *Bishop v. Owens*, 152 Idaho 616, 620, 272 P.3d 1247, 1251 (2012) (listing elements of a legal malpractice claim as including "the existence of an attorney-client relationship"). Frantz alleged in his complaint that Hawley Troxell owed Frantz a fiduciary duty based on the existence of an attorney-client relationship.

Frantz has failed to show that the district court abused its discretion by dismissing Frantz' complaint under I.R.C.P. 12(b)(8). It is true that there is little Idaho case law interpreting or applying I.R.C.P. 12(b)(8). Indeed, the authorities Frantz relies on in suggesting a particular interpretation of the Rule were decided in other states. But given the lack of binding precedent interpreting the rule, Frantz has not shown that the district court acted outside the bounds of its discretion. Frantz fails to frame his argument in terms of the applicable standard of review. He does not appear to argue that the district court did not correctly perceive the issue as one of discretion. Nor does he seem to suggest that the court acted outside the bounds of its discretion. Thus, the analysis of Frantz' argument will explore whether he has shown that the district court did not reach its decision by an exercise of reason.

Dismissal is appropriate under I.R.C.P. 12(b)(8) when there is "another action pending between the same parties for the same cause." The district court acknowledged the existence of the bankruptcy case and the adversary proceeding, and it concluded after extensive analysis that the bankruptcy court had jurisdiction over the subject matter of the adversary proceeding, including the disqualification motion. The court noted that neither claim preclusion nor issue preclusion could apply at the time of its decision because there was no evidence before the court of a final judgment in the bankruptcy proceeding. Absent a final judgment, it was reasonable for the court to perceive that the bankruptcy case remained pending. Furthermore, during oral argument of this case before the Court, counsel for both parties acknowledged that the bankruptcy court had awarded attorney fees against Frantz as a sanction for his pursuit of the motion for disqualification and that Frantz had appealed the sanction order to the Ninth Circuit Court of Appeals.[6] Counsel for Hawley Troxell expressed the belief that the appeal dealt only

---

[6] The Court takes judicial notice of the Memorandum Decision and Order entered by U.S. District Judge Edward J. Lodge on August 31, 2016, affirming the bankruptcy court's sanctions award "in its entirety." As recited by Judge Lodge, Judge Myers' "decision assessed $49,477.46 against [Martin and Cynthia Frantz] and their attorney, Jonathan Frantz, jointly and severally, for filing motions to disqualify [Hawley Troxell] and expert witnesses (DQ

7

with the issue of a sanction and not with the bankruptcy court's finding of no attorney-client relationship. Frantz' counsel advised this Court that the appeal is currently "pending" and conceded that since the sanction order was based on the claim that an attorney-client relationship existed, that issue would likely be considered in the determination of the appeal. Thus, the very issue at the heart of this case is also integral to the pending appeal before the Ninth Circuit.

The court further found that "the matter before the bankruptcy court involves the same parties, Hawley Troxell being in privity with a party to the bankruptcy litigation, [the Bank], as counsel in that case, and the same issue, whether an attorney-client relationship existed between Frantz and Merlyn Clark of Hawley Troxell."

Frantz' arguments that abatement should not apply are all based on policy considerations or inapplicable judicial decisions. There appears to be no way to regard his briefing as challenging whether the district court reached its decision by an exercise of reason. Even if his arguments did somehow raise such a challenge, it would nonetheless fail because Frantz has not shown that the district court did not reach its decision by an exercise of reason. Accordingly, we affirm the district court's dismissal of Frantz' complaint under I.R.C.P. 12(b)(8).

The district court also dismissed Frantz' complaint on the basis of judicial estoppel, concluding that the complaint asserted causes of action that were property of the bankruptcy estate and that Frantz lacked standing to bring them. Because we affirm the district court's dismissal under I.R.C.P. 12(b)(8), we do not reach this issue.

## B. Whether the district court abused its discretion by denying Frantz' motion for pro hac vice admission of Katz is moot.

Although it recognized the issue was moot in light of its dismissal, the district court nonetheless considered and then denied Frantz' motion to admit Katz pro hac vice. The court found that Katz would likely have to testify in this case about the email that he had sent to the Bank regarding the claims at issue here, which would make it improper under I.R.P.C. 3.7 for Katz to represent Frantz at trial. The court did not decide whether Katz's communication with

---

Motions) shortly before trial. The Bankruptcy Court determined the DQ Motions were meritless and were filed in bad faith to delay trial, to increase litigation costs, and to concomitantly increase the potential of settlement." In the latter regard, based upon attorney Frantz' argument in the adversary proceeding that "[w]e pursued the disqualification as a probe so that [Mr. Katz] could wrap his head around the issues and really understand what happened and to see how [Hawley Troxell] would defend themselves," Judge Myers concluded that "the use of the motion to disqualify [Clark] was a test of [Hawley Troxell] in order to evaluate an anticipated collateral malpractice suit." Judge Lodge concluded that "Judge Myers' finding that the DQ Motions were brought for the improper purpose of evaluating a potential malpractice suit against [Hawley Troxell] is supported by the record."

8

the Bank constituted unauthorized contact in violation of I.R.P.C. Ultimately, the Court concluded

> that it would be improper to allow admission pro hac vice of an out of state attorney who would, if appointed, violate the Idaho Rules of Professional Responsibility, possibly for unauthorized contact, . . . but without a doubt as to the prohibition of likely being a witness in a matter. It would be irresponsible of this Court to knowingly put Katz in that position.

Accordingly, it denied the motion.

On appeal, Frantz vaguely attempts to argue that the district court somehow abused its discretion by deciding this issue without applying case law from other jurisdictions. Because the issue is moot in light of the fact that we affirm the district court's dismissal of his claims, we will not consider this issue.

**C. Hawley Troxell is entitled to attorney fees on appeal under Idaho Code section 12-121.**

Hawley Troxell seeks attorney fees on appeal under Idaho Code section 12-121, suggesting that Frantz' appeal merely invites the Court to second-guess the district court. Frantz' reply on this issue states only that "as for attorney fees on appeal, this appeal is not merely asking this Court to second guess the district court. The opinions of the district court were not well reasoned in light of the arguments herein. As such, no attorney fees should be granted on appeal either."

Section 12-121 allows an award of attorney fees to a prevailing party where "the action was pursued, defended, or brought frivolously, unreasonably, or without foundation." *Idaho Military Historical Soc'y v. Maslen*, 156 Idaho 624, 33, 329 P.3d 1072, 1081 (2014). "Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law." *Snider v. Arnold*, 153 Idaho 641, 645–646, 289 P.3d 43, 47–48 (2012). Further, attorney fees on appeal have been awarded under Section 12-121 when appellants "'failed to add any new analysis or authority to the issues raised below' that were resolved by a district court's well-reasoned authority." *Wagner v. Wagner*, 160 Idaho 294, 302, 371 P.3d 807, 815 (2016) (quoting *Castrigno v. McQuade*, 141 Idaho 93, 98, 106 P.3d 419, 424 (2005)).

On appeal, Frantz has failed to show that the district court incorrectly applied well-established law, so *Snider* applies. Frantz has also failed to add any new analysis or authority to the issues that were raised at the trial court and resolved by the court's well-reasoned authority,

so *Castrigno* applies. Either provides a sufficient basis for applying Section 12-121. Furthermore, the record is woefully deficient of evidence supporting the existence of an attorney-client relationship between Frantz and Hawley Troxell, although the case was not decided on that basis below. And, because Frantz chose to litigate the issue of whether or not an attorney-client existed between he and Hawley Troxell in bankruptcy court and received an adverse ruling that appears to be sound, issue preclusion would likely apply but for the lack of clarity as to the finality of that ruling. Accordingly, we award Hawley Troxell attorney fees on appeal.

## V.
## CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing Frantz' complaint. Hawley Troxell is awarded attorney fees and costs on appeal.

Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.