**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 44068**

| | | |
|---|---|---|
| CANDACE "ANDI" W. ELLIOTT, | ) | 2017 Unpublished Opinion No. 326 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: January 20, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KURT E. YOUNG, SR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Alan C. Stephens, District Judge.

Judgment summarily dismissing claim of malicious prosecution, <u>affirmed</u>.

Candace (Andi) W. Elliott, Hamer, pro se appellant.

Royce B. Lee, Idaho Falls, for respondent.

_____

GRATTON, Judge

Candace W. Elliott appeals from the district court's order summarily dismissing her malicious prosecution claim against Kurt E. Young, Sr.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Elliott's claim of malicious prosecution is based on another case in which she was charged with trespassing on the property of Young. Idaho Code § 18-7008(8). Young called the police in regard to Elliott trespassing on his property. A deputy arrived and conducted an interview with Young, which was video recorded by the deputy's lapel camera. In the interview, Young stated he saw Elliott get out of her car and walk up by his fence, which is several feet off of the public road. He stated he then saw her car parked in his driveway and she got out of the car to take pictures of his neighbor's horses; the car then went back on the public road and pulled to the edge of the road, and Elliott got back into the car. Young claimed he saw her on his grass as she got back into the car and he took a picture after she was back in the car. That picture was

1

included with several other pictures he gave to the deputy. The deputy interviewed several other witnesses.

There were five days of trial on the trespass charge that spanned sixteen months due to several continuances. During trial, Young clarified that he saw Elliott driving up to his property and went inside to get a camera. When he returned, Elliott's car was in his driveway, approximately thirty-five feet from the edge of the roadway. He again testified that he saw Elliott on his grass, but was unable to testify that he saw her outside of the right-of-way, which extended thirty feet from the center of the road. While his testimony clearly places the car outside the right-of-way, Young testified that he did not see Elliott get out of the car so he could not affirmatively place her outside of the right-of-way. He testified that he was unaware of where the public right-of-way ended. The deed to his property specifies that his property is subject to any easements or rights-of-way the State may have, but does not indicate where those easements or rights terminate.

The case was tried without a jury and resulted in an acquittal based on the court's finding that there was not proof beyond a reasonable doubt that Elliott herself had actually trespassed on Young's property. Thereafter, Elliott filed a claim of malicious prosecution against Young. The parties filed cross-motions for summary judgment. The district court granted summary judgment in favor of Young.

Elliott timely appeals. She requests this Court reverse the summary judgment in favor of Young and remand to the district court for a jury trial. Young asserts the district court did not err and requests attorney fees and costs on appeal.

## II.

## ANALYSIS

### A. Motion for Summary Judgment

Elliott appeals from the district court's order granting Young's motion for summary judgment. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Idaho Rule of Civil Procedure 56(c).

2

The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. General Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The cross-motions for summary judgment relate to Elliott's claim of malicious prosecution against Young. There are six elements of a malicious prosecution claim: "(1) prosecution of the plaintiff; (2) termination of the prosecution in favor of the plaintiff; (3) that the defendant instigated the prosecution; (4) that the defendant was activated by malice; (5) that there was a lack of probable cause to arrest the plaintiff; and (6) that the plaintiff sustained damages." *Herrold v. Idaho State Sch. for the Deaf & Blind*, 112 Idaho 410, 411-12, 732 P.2d 379, 380-81 (Ct. App. 1987). The fifth element requiring that there was a lack of probable cause to arrest the plaintiff is the crux of the many issues stated in Elliott's briefing. Elliott asserts the district court's finding that probable cause existed was erroneous for several reasons, including the fact that Young's photos show Elliott was on the public roadway and do not show her trespassing, and the warranty deed for Young's property excludes the public road and gutter from his property. Further she alleges the district court failed to consider Young's "extreme negligence in not checking his property boundaries or with county employees as to whether the public roadway was his property before having [Elliott] charged," in addition to claiming Young and the prosecutor in the trespass case were long-time family friends at the time the trespass claim was made.

3

Probable cause has been defined as information that would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that a person is guilty. *Herrold*, 112 Idaho at 412, 732 P.2d at 381. A determination of probable cause is not to be confused with the higher standard required for a conviction, establishing guilt beyond a reasonable doubt. *Id.* In a malicious prosecution claim, "the determination of probable cause is viewed in light of the facts and circumstances apparent at the time of the commencement of the prosecution." *Id.*

The defense of advice of counsel is equivalent to a showing of probable cause. *Howard v. Felton*, 85 Idaho 286, 291, 379 P.2d 414, 416 (1963). This defense generally precludes an action for malicious prosecution; however, the advice of counsel relied upon must come from an independent, disinterested attorney. *Id.* Elliott asserts the advice of counsel defense fails because Young did not provide a full and fair disclosure of the facts and the prosecutor stated he was a long-time family friend of Young's; therefore, he was not an independent, disinterested attorney. However, Elliott does not specify when this statement was made and it is not part of the record on appeal.[1] Further, Young filed an affidavit in which he clarified that he did not know the prosecutor prior to filing the complaint for trespass and did not meet him until the trial. This was not refuted by Elliott, and the district court stated there was no evidence that Young had ever met the prosecutor prior to the complaint being filed.

In her claim that Young did not provide a full and fair disclosure of the facts, Elliott asserts Young did not have any pictures of Elliott on his property when he had indicated otherwise, and his affidavit directly contradicts recorded statements he made to the deputy and his testimony at trial. She asserts there is inconsistency since his affidavit states that the distance between the middle of the road and where he saw the car first parked was about 31 to 31 1/2 feet from the middle of the road, and at trial he testified the distance to be 35 feet from the middle of the road. The prosecutor and Elliott's defense counsel at the trespass trial stipulated the right-of-way extended 30 feet from the middle of the road. However, as he did before the district court, Young asserted his testimony did not change, only his understanding of the law as to his rights

---

[1] The prosecutor filed an affidavit in this case which contained the statement that "Mr. Young was not a former client but was a friend of the family." This statement says nothing about "long-time" family friends. Likewise it does not provide a time frame. Moreover, being a "friend of the family" does not contradict Young's statement that he had not previously met the prosecutor.

pertaining to the right-of-way. After reviewing Young's witness statement and his recorded statements and comparing them to his trial testimony, the district court concluded there was no evidence of any material difference in his testimony. The district court stated that it had reviewed the recorded and written statements made by Young, compared it to his testimony at trial, and also noted that it had reached the conclusion that there was probable cause to issue the trespassing complaint against Elliott in another related case, a judicially noticed fact permitted under Idaho Rule of Evidence 201. The court also had in its record the deed, probable cause affidavit of the deputy, and Young's affidavit stating he did not know the prosecutor until the trial commenced in the case. This indicates that there was full and fair disclosure on which the prosecutor would determine that the complaint should be issued. Further, while the photos do not show Elliott on Young's property, they do show she had the opportunity to commit the crime.

Even if a prosecuting attorney's advice was unsound or erroneous, advice of counsel is a complete defense to an action for malicious prosecution where it appears that the prosecution was instituted in reliance in good faith on such advice, given after the prosecuting attorney was advised of or had gained full and fair knowledge of all the true facts, even though in actuality there was want of probable cause for the prosecution. *Thomas v. Hinton*, 76 Idaho 337, 342, 281 P.2d 1050, 1053-54 (1955). Therefore, even if the prosecutor's decision to go forward with the trespass charge in the present case was in error due to a mistake about the effect of the public right-of-way, Young has a complete defense to the malicious prosecution charge because he relied on the advice of the prosecuting attorney. The fact that the prosecution was unsuccessful does not mean it was not supported by probable cause. As a complaining party, Young is not required to know the law. It is the prosecutor's responsibility to determine which complaints merit further proceedings. We affirm the district court's finding that there was no genuine issue of material fact concerning probable cause to charge Elliott, and Young was entitled to judgment as a matter of law.

B.      **Motion to Recuse District Judge**

Elliott filed a motion to recuse the district judge pursuant to I.R.C.P. 40(d), asserting the judge had a personal bias against her based on the judge's granting of a summary judgment motion against her in a different case. On appeal, Elliott again argues the district judge erred in not recusing himself due to his previous interactions with Elliott regarding the same prosecutor

and set of facts. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The district judge correctly noted that the matter was one of discretion and stated he did not know the plaintiff or defendant and did not have a bias against either party. Elliott has failed to show the district judge was prejudiced against her; therefore, it did not abuse its discretion when denying her motion.

## C.      Attorney Fees and Costs

Young requests attorney fees pursuant to Idaho Appellate Rules 40 and 41, I.C. § 12-121, and I.C. § 12-120(1).[2]  Idaho Code § 12-120 contains mandatory attorney fee provisions. Subsection (1) provides:

> (1) Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is thirty-five thousand dollars ($35,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.

In this case, Elliott's original complaint for malicious prosecution asked "For judgment in favor of the Plaintiff for damages in an amount of $24,674.17 or such additional sum as the evidence shall show to adequately compensate Plaintiff." Therefore, as the prevailing party, Young is entitled to attorney fees and costs pursuant to I.C. § 12-120(1).

Alternatively, an award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). "Such circumstances exist when an appellant has only asked the appellate court to second-guess the

---

[2]      Young limits his request to only attorney fees incurred after April 7, 2016, due to bankruptcy proceeding concerns.

trail court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law." *Frantz v. Hawley Troxell Ennis & Hawley LLP*, 161 Idaho 60, 66, 383 P.3d 1230, 1236 (2016) (quoting *Snider v. Arnold*, 153 Idaho 641, 645-646, 289 P.3d 43, 47-48 (2012)). Attorney fees have also been awarded under this section when appellants "'failed to add any new analysis or authority to the issues raised below' that were resolved by a district court's well-reasoned authority." *Frantz*, 161 Idaho at 66, 383 P.3d at 1236 (quoting *Wagner v. Wagner*, 160 Idaho 294, 302, 371 P.3d 807, 815 (2016)). In the present case, Elliott failed to demonstrate the district court erred in its application of well-established law or add any new analysis or authority to well-reasoned authority. Therefore, Young is awarded attorney fees and costs on appeal.

### III.
### CONCLUSION

Elliott failed to show a lack of probable cause to charge her with trespassing. Therefore, the district court did not err in granting summary judgment in favor of Young. The district court's judgment summarily dismissing Elliott's claim of malicious prosecution is affirmed. Young is awarded attorney fees and costs on appeal.

Judge MELANSON and Judge HUSKEY **CONCUR**.

7